IN RE ALICE HOWARD'S ESTATE.

Special Term at Brattleboro, November, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed January 16, 1908.

*Taxation—Collateral Inheritance Taxes—Liability For—Debts Due From Nonresident Debtors—Law Governing—Statutes —Construction—Absurd Purpose—No. 46, Acts 1896, and No. 30, Acts 1904.*

Though debts due a decedent domiciled here from nonresident debtors pass by the laws of the state of the debtor's residence, if fully administered and distributed in the courts of that jurisdiction, yet where, without such foreign administration, such debts are collected and brought here by the decedent's administrator appointed in this State, they pass under our law, by the final decree of the probate court here.

A person domiciled in this State died owning and possessing here certain promissory notes against nonresidents and secured by mortgage of land without this State. Her administrator, appointed in this State, collected the notes and brought the proceeds here, without any foreign administration. *Held t*hat such proceeds thereby became a part of the decedent's estate here, to be administered under the laws of this State; and that collateral succession thereto, being elsewhere untaxed, was subject to the tax imposed by No. 30, Acts 1904, taxing collateral succession to property "passing by will, the law of descent, or decree of a court of this State." *In Re Joyslin's Est.*, 76 Vt. 88, distinguished.

In construing a statute, an absurd purpose is not to be attributed to the lawmakers, and a construction that leads to an absurd consequence must always be avoided; hence, when the intention can be collected from the statute, words may be modified, altered, or supplied so as to avoid an absurdity, repugnance, or inconsistency.

The word "persons" in §81, No. 30, Acts 1904, providing that the collateral inheritance tax imposed by certain previous sections "shall also apply to all *persons* who deceased prior to the enactment

hereof but whose estates shall not have been at the date of such enactment decreed or distributed," refers to the persons from whom the property passes and not those who receive it.

No. 46, Acts 1896, taxed collateral succession to property "within the state" passing by the intestate laws, and No. 30, Acts 1904, included debts from nonresidents in fixing the amount of such tax. The latter Act does not, except as otherwise provided, affect *liability* for taxes accrued or accruing under the former Act, which for the purpose of collecting such taxes remains in force, and so far as the two Acts are the same or similar the latter is to be construed as a continuance of the former. Inconsistent provisions are repealed, but such repeal does not affect the validity of a tax accrued or accruing when the latter Act was enacted, nor a proceeding had or commenced affecting an accrued tax. Therefore, since the Act of 1896 did not include debts due from nonresidents in fixing the amount of an estate to be taxed, a tax on the succession to the proceeds of such debts collected for an estate in process of settlement when the Act of 1904 was passed was properly assessed under the provisions of that Act, and is not defeated by the saving clauses thereof.

APPEAL by J. E. Cushman, as Commissioner of State Taxes, from an order and decree of the probate court as to the amount of collateral inheritance tax for which the distributees of the estate of Alice Howard are liable. George C. Brockway, administrator. Heard on an agreed statement of facts at the June Term, 1907, Windsor County, *Waterman,* J., presiding. Judgment, *pro forma,* that said distributees are subject to the collateral inheritance tax imposed by No. 30, Acts 1904, on their right to succeed to the proceeds of the debts in question. The administrator excepted. The opinion fully states the case.

*Frederick C. Southgate* for the administrator.

Although the exact amount of a beneficiary's interest may not then be ascertained, it vests in him at the death of the decedent less the amount of the undetermined tolls under the law then in force. *In re John Guy Vassas,* 127 N. Y. 1.

The tax imposed by the Act of 1904 is a special tax, not a general one, and the law imposing it must be strictly construed

against the government, and no person can be subjected to special burdens without the clear warrant of the law. *In re Hannah Enston,* 113 N. Y. 174. This is not a tax on person or property, but "all agree that this is a tax upon the right to succeed to estate left vacant by death." *In re Joyslin's Est.,* 76 Vt. 88; Dos Passos on Inher. Tax Laws, §8; *Orcutt's Appeal,* 97 Pa. St. 179; *Maryland* v. *Dalrymple,* 3 L. R. A. 372; *Frothingham, Exr.* v. *Shaw,* 175 Mass. 59; *Minot et al. Exrs.* v. *Winthrop et al.,* 162 Mass. 113; *Plumer* v. *Coler,* 178 U. S. 115.

Debts due a resident decedent from nonresident debtors have their situs in, and pass by the law of the jurisdiction of the debtors, and are not at all subject to our law, hence not taxable here. *Walton* v. *Hall,* 66 Vt. 455; *Vaughan* v. *Barrett,* 5 Vt. 333; *Abbott* v. *Coburn,* 28 Vt. 664; *Purple* v. *Whithed,* 49 Vt. 187.

    *Clarke C. Fitts,* Attorney General, for the State.

The Legislature has the power to impose retrospective taxation unless there is an express constitutional prohibition. "It may as well have regard to benefits theretofore received. as to those which may be assessed thereafter." 1 Cooley on Tax. 492; *Locke* v. *New Orleans,* 4 Wall. 172. "An inheritance tax that applies to estates that have been probated before its passage, but are to be distributed after it takes effect, is not unconstitutional as to such estates." *Gelsthorpe* v. *Furnell,* 20 Mont. 299; *State* v. *Whittlesey,* 17 Wash. 447. In the absence of constitutional provision forbidding retroactive legislation, such laws are not invalid unless they interfere with contracts or vested rights or come under the head of *ex post facto* law. Lewis' Suth. St. Cons. §647; *Grout* v. *Johnson,* 73 Vt. 268; *Smith* v. *Hard,* 59 Vt. 13.

There was never any foreign administration of the fund in question; and at common law personal property can descend only through the medium of administration, hence these distributees must take under our law, if they take at all. *Re Hodge's Est.,* 63 Vt. 661; *Foss* v. *Sowles,* 62 Vt. 221; *Pritchard* v. *Norwood,* 155 Mass. 159; and exhaustive note to *McBride* v. *Vance,* 112 Am. St. Rep. 723.

WATSON, J. Alice Howard, domiciled at Hartford, this State, died about June 1, 1904, intestate. Administration was granted on her estate June 2, 1904. The final decree of distribution was made March 31, 1905, whereby the net residue of the estate after the payment of debts, etc., was decreed to collateral relatives, the same persons who were by the laws of this State the heirs at law of the decedent at the date of her death. Among the assets of the estate so distributed were proceeds of certain notes against persons residing, and secured by mortgage on real estate, without this State, which notes and mortgage were in her physical possession and held by her here at the time of her decease. The administrator, before the final decree, collected the several sums due on the notes and brought the proceeds, amounting to $3705, into this State, where the same remained until distributed as a part of the assets under that decree. No claim is made that any tax was ever lawfully paid to any other state or government for or on account of any distributive share, or any portion of these assets. The question is, Are the collateral relatives taking such distributive shares of the proceeds of said notes subject to a collateral inheritance tax thereon, under the laws of this State? By Laws of 1904, No. 30, sec. 1, every person and every society or institution, other than those there exempted, ''that shall receive in trust or otherwise any legacy or distributive share comprised of or arising from property or any interest therein passing by will, the law of descent or the decree of a court in this State, from any deceased person who owned such property at the date of his decease shall, except as herein otherwise provided, be subject to a tax for the use of the State equal to five per cent. of the value in money of such legacy or distributive share.'' By section 3, if a similar tax shall have been lawfully paid to another state or government, not the United States, for or on account of a legacy, distributive share, or any part thereof which should thereafter be decreed by a probate court of this State to a legatee or heir liable to the tax imposed by section one, such legatee or heir shall be liable to pay to this State only such part of the tax as would make the entire taxes both within and without the State based on such portion of a legacy or distributive share taxed in such other state or government equal to five per centum of the total value thereof to be determined by the provisions of that act.

By No. 46, Acts of 1896, "All property within the juris-
diction of this State, and any interest therein, * * *, which shall
pass by will or by the intestate laws of this State, * * *, shall
be subject to a tax," etc.   In the matter of *Joyslin's Estate*, 76
Vt. 88, the testatrix died domiciled in this State, and the ques-
tion was, as here, whether debts due her from non-residents of
the State were to be included in fixing the amount of the estate
subject to such tax.   It was contended in behalf of the State
that they should be.   But it was held that the phrase "within
the jurisdiction of this State," meant within its probate juris-
diction; that under the settled law of the State, on the death of
the creditor, such debts became *bona notabilia*, hence they were
not within this jurisdiction; that the meaning of the phrase,
"pass by will or by the intestate laws of this State," was, to
pass by virtue and force of the law of the State governing testate
or intestate succession; and consequently that such debts were
not included.   The opinion in that case was filed November 30,
1903, and presumably was known to the Legislature at the time
of the enactment of No. 30, of the Laws of 1904.   It will be
noticed that under the later act property forming the basis of
the tax is not limited to that within the probate jurisdiction of
this State, as in the earlier law: it includes not only property
which shall pass by will or by the intestate laws of the State, as
did the earlier act, but it includes also property which shall pass
by "the decree of the court of this State."   Thereunder the test
is not whether the property was within the probate jurisdiction
of this State, but whether it passes in one of the ways specified.
It is argued in behalf of the administrator that property in a
foreign jurisdiction passes by its laws whether subject to a suc-
cession tax there or not, and that hence debts *bona notabilia* are
not covered by the act in question.   This would seem to be so
when the estate is fully administered in the courts of that juris-
diction and the property distributed to the beneficiaries in con-
formity with the court's order there, as in the case of *Tilt* v.
*Kelsey*, 207 U. S. 43, 52 L. ed. ——.   But in the case at bar the
record does not show that any administration, ancillary or other-
wise, was had in the foreign jurisdiction.   On the contrary it
appears that the several sums due on the notes mentioned were
collected by the administrator appointed in this State, and that
by him the proceeds were brought here, where they formed a
part of the assets which passed by the final decree of the probate

court. We think the law of 1896 was so changed by the new act as to include such assets in its basis of taxation, and that this was the intent of the Legislature. When the assets from the foreign jurisdiction became a part of the estate here for distribution, the transmission thereof to the beneficiaries necessarily depended upon and involved the laws of this State, consequently it is subject to taxation by the State. *Blackstone* v. *Miller,* 188 U. S. 189, 47 L. ed. 439.

By section 81, "The first seventy-nine sections of this act in so far as they shall pertain to a tax imposed by this act upon a person, corporation, society or institution that shall in any manner hereinbefore provided receive property or any interest therein passing from a deceased person, shall also apply to all persons who deceased prior to the enactment hereof but whose estates shall not have been at the date of such enactment decreed or distributed: provided, however, that if any part of an estate has been lawfully paid or decreed prior to the enactment hereof such part so paid or decreed shall not be affected by this act, * * *." It is contended by the administrator that in the clause "shall also apply to all persons who deceased prior to the enactment hereof," etc., the word *persons* has reference to those who receive the property, not those from whom it passes. But with this construction we cannot agree. Under section six, any administrator, executor or trustee having in charge or in trust any legacy or distributive share passing to a legatee or heir liable to such tax, shall before paying or delivering the same to the legatee or heir deduct the tax therefrom, or collect it from him; section seven, in case the tax can not be thus deducted and the legatee or heir neglects or refuses to pay it, the probate court may license the administrator, executor, or trustee to sell any part or all of a legacy or distributive share for the payment of the tax; section eight, an administrator, executor, or trustee shall not deliver any specific legacy, etc., to any legatee or heir liable to the tax until the tax has been deducted or collected; section nine, any person having in charge or trust as administrator, executor, or trustee any legacy or distributive share so passing to a person, shall be liable for all such taxes imposed with lawful interest until the same have been fully paid. Thus the deduction or collection of the tax is by law made a prerequisite to paying a legacy or distributive share to any person entitled thereto; and should such person decease before receiving

the same, the requirements of the law in this respect remain unchanged, in whatever state of settlement his estate may be. In view of the provisions of these sections, and of the settled law that such a tax is not on property, but on the transmission of property,—*In re Joyslin's Estate*, 76 Vt. 88; *In re Hickok's Estate*, 78 Vt. 259,—what difference can it make with the tax, its assessment, deduction, or collection under the law, whether the legatee or distributee be alive or dead, and if the latter whether his estate had been decreed or distributed at the date of the new enactment? Moreover, if the word *persons* has reference to beneficiaries, as contended by the administrator, then the *estate* mentioned in the clause under the first proviso following means the estate of a beneficiary, and the statute paraphrased is made to read: provided, however, that if any part of an estate of a legatee or distributee taking property passing from a deceased person has been lawfully paid or decreed prior to the enactment of this law such part so paid or decreed shall not be affected by this act,—thus leading to absurdity. But an absurd purpose is not to be attributed to the lawmakers, and a construction that leads to an absurd consequence must always be avoided. *People* v. *Commissioners*, 95 N. Y. 554.

On the other hand, if the word *persons*, like the word *person* previously used in the same line, has reference to deceased persons from whom the property or interest therein passes, as it would were it preceded by the word *such* (V. S. 15), then the provisions of that section are consistent and intelligible: the law applies where the person died before the date of the passage of the act, if his estate had not then been decreed or distributed; but if any part of the estate had been lawfully paid or decreed to such part the law has no application. We think this is in accordance with the obvious intent of the Legislature and that the law should be so construed. It is a rule of construction too well established to require the citation of authorities, that when the intention can be collected from the statute, words may be modified, altered, or supplied so as to avoid any absurdity, repugnance, or inconsistency which would otherwise exist.

It is further urged that the statute of 1896 still regulates the tax in estates in process of settlement when the law of 1904 was passed. The later act does not, except as otherwise provided, affect the liability of any person, etc., to pay the tax or taxes already accrued or accruing under the provisions of the

earlier law which for the purpose of assessing and collecting such taxes, remained in full force. So far as the provisions of the two acts are the same or similar, the later act is to be construed as a continuance of the other. And all acts or parts of acts, except as otherwise provided, inconsistent with the provisions of the later act, were repealed; but such repeal was not to affect the validity of a tax accrued or accruing at the time of the enactment thereof nor a proceeding had or commenced affecting any tax already accrued except as therein otherwise provided. Sec. 82-85. It is upon these provisions of the statute that this argument is based. But the unsoundness of this position is apparent. Since the law of 1896, as construed in the Joyslin case, did not include debts due from non-residents in fixing the amount of an estate to be thus taxed, the tax here in controversy had not accrued, nor was it accruing, before the provisions of the new act including such debts took effect, December 9, 1904, and by which it was imposed.

No other questions were presented in argument.

*Judgment affirmed with costs to the State. To be certified to the probate court.*