MELVIN G. MORSE v. FRANK H. TRACY.

May Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 28, 1917.

*Statutes—Construction—"And," "Or"—No. 17, Acts 1917.*

In the construction of a statute a conjunctive expression may be taken in a disjunctive sense, or *vice versa*, when it is obvious that such is the meaning to be gathered from the whole act.

In construing statutes a construction that leads to an absurd consequence must always be avoided; and to that end, when the true meaning can be collected from the context, words may be modified, altered or supplied to avoid absurdity, repugnancy or inconsistency.

Where it appeared that, through a clerical error, the word "and" in the expression "jurors chosen, drawn and summoned prior to the day on which this act goes into effect," in No. 76, Acts 1917, was changed to "or" after the passage of the bill by the General Assembly, and before its approval and signing by the Governor, *held*, there was no difference in legal effect produced thereby.

In construing a statute every part thereof must be considered, and effect given if possible to all its provisions.

PETITION for a writ of mandamus brought to the Supreme Court for Washington County, and heard at the May Term, 1917, on an agreed statement of facts. The opininon states the case.

*Melvin G. Morse* and *Hale K. Darling* for the petitioner.

*Julius A. Willcox* for the petitionee.

TAYLOR, J.  This is a petition for a writ of mandamus directed to the petitionee as sheriff of Washington County, commanding him to draw the petit jurors for attendance upon the September Term, 1917, of Washington County Court, in the manner directed by P. S. 1469, as amended by No. 82, Acts of 1910, and from the names therein indicated.  The controversy arises over an act of the General Assembly of 1917 relating to

the drawing of jurors and establishing a jury commission (No. 76 of the Acts of 1917). The act, if valid, amends certain sections of the Public Statutes, and repeals others, relating to choosing, drawing, and summoning grand and petit jurors.

Among other things the petition alleges in substance, the passage by the Senate and House of Representatives of a certain bill called House bill 375, entitled "An act to amend certain sections of the Public Statutes relating to drawing grand and petit jurors and to establish a board of jury commissioners"; that as finally adopted by the General Assembly the bill contained the proviso: "But nothing in this act shall affect the nomination, appointment, election, drawing, service or compensation of grand and petit jurors chosen, drawn and summoned prior to the day on which this act takes effect"; that through clerical error in preparing the bill to be presented to the Governor for his approval, the word "or" was substituted for the word "and," so that the bill as signed by the presiding officers of the two houses and subsequently approved by the Governor contained the proviso: "But nothing in this act shall affect the nomination, appointment, election, drawing, service or compensation of grand or petit jurors chosen, drawn *or* summoned prior to the day on which this act takes effect"; that the bill signed by the Governor was thereafter deposited in the office of the Secretary of State where it remains, having been published by him as No. 76 of the Acts of 1917; that the bill enacted by the General Assembly was never presented to the Governor and never in fact approved by him.

It is further alleged that, acting on the assumption that the bill as it had been presented to and signed by the Governor had become the law of the State, the assistant judges and clerk of Washington County Court, in which the petitioner has a cause pending and for trial by jury at the September Term, 1917, of said court, assuming to act as a board of jury commissioners under the provisions of said bill, on the 10th day of May, 1917, prepared and filed a list of petit jurors as therein provided; that the petitionee is the sheriff of said county and has been directed by the judges of said county court on an appointed day to draw the petit jurors for service at the September Term of said court; that the petitioner is advised and believes that the petitionee intends to draw such jurors from the list of names prepared and filed as above stated; that such list is not a proper nor legal one

from which such jurors should be drawn; that jurors should be drawn only from the list of persons nominated, elected and returned under the provisions of sections 3515 and 3516 of the Public Statutes; and that such drawing should be conducted in accordance with the provisions of section 1469 of the Public Statutes, as amended.

The case has been heard on an agreed statement of facts in which the petitionee admits the allegations of the petition and that he intends to draw the petit jurors for the September Term, 1917, of Washingon County Court from the list of names prepared and filed under the provisions of the act in question. The petitioner contends: (1) That House Bill 375, published as No. 76 of the Acts of 1917, never became a law and that all proceedings thereunder are void; and (2) that, if the act as signed by the Governor is in force, the list made up by the jury commissioners cannot be used for drawing jurors for service at the September term 1917, of Washington County Court.

The former contention rests upon the claim that the act is a nullity because the bill passed by the General Assembly was never presented to the Governor as passed; and the alleged act of the General Assembly signed by the Governor is not the bill which was in fact enacted. The sole basis of this claim is a variance between the bill said to have been passed by the General Assembly and that approved by the Governor, in that the particle "and" in the former was changed to "or" in the latter. The important question is whether the alleged verbal change affects the meaning expressed; for, if it does not, it is conceded that the substitution of words is not such a variance as would vitiate the act. It comes to this: Is there any difference in legal effect between the bill as said to have been enacted by the General Assembly and the bill that was approved by the Governor?

A change from the conjunctive to the disjunctive form of expression does not necessarily change the legal effect of the language employed. It is not uncommon in the construction of statutes to take a conjunctive expression in a disjunctive sense, or *vice versa,* when it is obvious that such is the meaning to be gathered from the whole act. *Barker* v. *Esty,* 19 Vt. 131, 140. It is also a familiar rule that in construing statutes a construction that leads to an absurd consequence must always be avoided. To that end, when the true meaning can be collected from the context, words may be modified, altered or supplied to avoid

absurdity, repugnance or inconsistency. *In re Howard's Estate,* 80 Vt. 489, 495, 68 Atl. 513. In the light of these rules it is clear that the phrase in question in the act as approved by the Governor should be taken in the conjunctive sense, as otherwise the result is inconsistency and absurdity. The act is not to affect jurors chosen, drawn, summoned prior to May 1, 1917, the date when the act takes effect. In the disjunctive sense it would read, "chosen or drawn or summoned." But all jurors affected by the act were *chosen* at the March meeting prior to May 1st, so that the words "drawn or summoned" would have no force. However, if taken in the conjunctive sense, force is given to each modifier. Then only jurors who have not only been *chosen* but also *drawn* and finally *summoned* are not affected by the act. Thus the successive steps by which the attendance of jurors had been secured are noticed and the inconsistency is removed.

Moreover, in construing the act every part thereof must be considered and effect given, if possible, to all its provisions. *State* v. *Central Vermont Ry. Co.,* 81 Vt. 463, 71 Atl. 194, 130 Am. St. Rep. 1065; *State* v. *Rutland R. R. Co.,* 81 Vt. 508, 71 Atl. 197. But the meaning for which the petitioner contends nullifies one of its express provisions. The commissioners are required to prepare and file jury lists on or before the 10th day of May, 1917, and annually thereafter in the month of January. If the petitioner's contention is accepted, no possible use could be made of the lists prepared and filed in May, 1917. The jurors *chosen* at the annual town meetings in March, 1917, would alone be eligible until long after new lists would be prepared in January, 1918. We avoid this absurd result by reading "and" for "or," which, as we have seen, must be done to give force and effect to the connected words. When the proviso is given the meaning which the law requires there is no variance between the bill as said to have been passed by the General Assembly and as finally approved by the Governor.

This disposes of the petitioner's first objection and renders it unnecessary to consider whether an act valid on its face is conclusively presumed to be valid or is open to collateral attack by resort to the Assembly journals or other extrinsic evidence. What we have already said also disposes of the petitioner's contention that the list made up by the jury commissioners cannot be used to draw jurors for service at the September Term, 1917, of Washington County Court. The act, being valid, took effect

May 1, 1917, and repealed former statutes relating to selecting jurors. Only such jurors as had been chosen, drawn, and summoned before the act took effect are continued in office after the act became operative.

*Petition dismissed, without costs.*