ALFRED DAVIS *v*. CENTRAL VERMONT RAILWAY COMPANY.

Special Term at Rutland, November, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 3, 1921.

*Master and Servant—Workmen's Compensation Act—Employee Injured by Third Person's Negligence—Employer Subrogated to Rights of Employee When Compensation Paid— Amendment to Declaration in Suit for Employer's Benefit*

—*Evidence Viewed in Plaintiff's Favor on Defendant's Motion for Verdict—Defendant's Negligence—Plaintiff's Contributory Negligence—Jury Questions.*

1. Under the Workmen's Compensation Act (G. L. 5774, 5775), if an employee, injured through the negligence of a third person, elects to take, and is awarded, compensation under the act, his employer is subrogated to his rights to recover against that person, and can maintain an action against that person in the employee's name.

2. In such case, where the original declaration in a suit brought in the name of the employee in behalf of his employer and its insurer was in the common-law form for negligence, it was not error to permit the plaintiff to file an amended declaration identical with the original declaration, except that it alleged that the employee and employer were subject to the provisions of the Workmen's Compensation Act, that the employer was insured with the insurer, and that the employee had elected to take, and had been paid, compensation, for his injuries, as the amendment did not introduce a new cause of action; the liability of the defendant being the same whether the action was for the benefit of the injured employee or his employer.

3. On a defendant's motion for a directed verdict, the evidence must be viewed in the light most favorable to the plaintiff.

4. In an action against a railroad for injuries to a consignee's employee received by being struck by a heavy barrel being rolled over a truck board from a freight car to a storehouse, the question whether defendant's employees were negligent in letting go of the barrel and permitting it to run wild when halfway down the truck board was for the jury.

5. In such case, the question of plaintiff's contributory negligence in not evading the barrel was for the jury.

ACTION OF TORT for negligence. Plea, the general issue and special plea. Trial by jury at the June Term, 1920, Windsor County, *Moulton*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*J. W. Redmond* and *W. R. McFeeters* for the defendant.

*Walter S. Fenton* for the plaintiff.

SLACK, J. Davis received the injuries complained of September 12, 1916, while in the employ of the Hartford Woolen Company. Both he and the Woolen Company were at the time subject to the provisions of the Workmen's Compensation Act, and the latter was insured, as required by that act, with the Travelers Insurance Company. Davis elected to take compensation under G. L. 5775, and an award therefor was made, and the same was complied with.

That was the situation when this suit was commenced. The action is brought and prosecuted in behalf of the Woolen Company and its insurer, in the name of Davis, and the original declaration is in the common-law form for negligence. The defendant pleaded the general issue, and also denied liability because Davis had elected to take, and had received, compensation for his injuries under the Workmen's Compensation Act. During the trial, the defendant challenged the right of the Woolen Company and the Insurance Company to recover in the name of Davis and under the declaration as then drawn, and the plaintiff thereupon had leave to, and did, file an amended declaration which he denominated a second count, but which is identical with the original count, except it contains averments that Davis and the Woolen Company were subject to the provisions of the Workmen's Compensation Act, that the Woolen Company was insured with the Travelers Insurance Company, and that Davis had elected to take, and had been paid, compensation for his injuries.

At the close of all the evidence the defendant moved for a directed verdict on several grounds, including the following: That Davis having elected to take compensation under the Workmen's Compensation Act was barred from maintaining this suit; that there was a variance between the declaration and the proof, the declaration setting up a right of action in Davis at common law and the proof being of a right of action in his employer under the statute; that the action was brought in the name of Davis and for his sole benefit, when the only right of action that existed at the time the suit was brought was the right of his employer to proceed under the statute, and that Davis, having elected to take compensation, had waived his common-law remedy and the common-law right then became the right of the employer, and could only be enforced under a declaration setting up the facts on which it was based.

These questions involve the construction of that part of G. L. 5774, that reads as follows: ''The rights and remedies granted by the provisions of this chapter to an employee on account of personal injuries for which he is entitled to compensation under the provisions of this chapter, shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise on account of such injury,'' and G. L. 5775, which reads as follows: ''When an injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under the provisions of this chapter or obtain damages from or proceed at law against such other person to recover damages; and, if compensation is claimed and awarded under the provisions of this chapter, an employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against such person; provided, if the employer recovers from such other person damages in excess of the compensation already paid or awarded to be paid under the provisions of this chapter, then any such excess shall be paid to the injured employee less the employer's expenses and costs of action.''

[1]   The ''other rights and remedies'' excluded by the provisions of G. L. 5774, if an injured employee elects to take compensation, were the provisions of that section to be construed alone, or in connection with the provisions of the preceding sections, might well be taken to mean other rights and remedies which the employee had against the employer; but when the provisions of this section are read in connection with the provisions of G. L. 5775, as they must be, it seems clear that the election to take compensation, if the same is awarded, precludes the employee from pursuing any other right or remedy against any person. He may pursue either remedy; he cannot have the benefit of both. But this does not preclude a recovery in this case. When the Woolen Company paid Davis compensation or became liable therefor, it succeeded to his right to recover damages from the defendant, and, under the statute, his right of action passed to the Woolen Company without assignment.

The statute is silent as to the person in whose name, after payment by the employer, or after his liability is fixed, action shall be brought. In Maine, under a statute identical with G. L. 5775, in substance, the insurer of the employer was permitted to maintain an action in the name of the injured employee. *Donahue* v. *Thorndike,* 119 Me. 20, 109 Atl. 187. That action like this one was at common law to recover damages for personal injuries caused by the negligence of the defendant. So, too, *St. Albans Granite Co.* v. *Elwell & Co.,* 88 Vt. 479, 92 Atl. 974, is authority for sustaining this action in the name of Davis. The defendant contends that the latter case is not in point; that being an action to enforce the former rights of an assignor in certain choses in action, while this is an action to enforce a statutory right created for the benefit of the parties in interest. But it is immaterial, in our judgment, whether the party in interest succeeds to the rights of the nominal plaintiff under an assignment, as in that case, or by force of statutory provisions, as in the instant case; and we perceive no good reason why an action may not be maintained in either case in the name of the party who first had the right of action.

It is urged, too, that the action that formerly existed in favor of Davis was extinguished when he accepted compensation, and that the parties in interest must recover, if at all, under a declaration on the statute setting up the facts on which their right of recovery is based. This position is untenable. The cause of action of an injured employee is not extinguished when his employer pays, or becomes liable for, compensation, but on the contrary the cause of action is kept alive for the benefit of the employer who is "subrogated to the rights of the injured employee to recover against" the person liable for the injuries. To subrogate means; "To put in the place of another; to substitute." Webster's New Int. Dict. "Subrogation in its broadest sense is the substitution of one person in the place of another with reference to a lawful claim or right." 25 R. C. L. 1311. It is not supposable that the Legislature attempted to subrogate the employer to the rights of the employee in a cause of action which had been extinguished. Had the Legislature intended to extinguish the employee's cause of action and create a new cause of action for the benefit of the employer, it would have used language more apt for that purpose. The very language of the statute refutes the defendant's claim in this respect.

[2]   The court did not err in permitting the amended declaration to be filed; it did not introduce a new cause of action; the liability of the defendant was the same, whether the action was for the benefit of the injured employee or his employer.

This disposes of all questions raised by that part .of the defendant's motion above noticed.

[3]   The remaining questions raised by the motion that are briefed are:   (1) That the evidence did not tend to show negligence on the part of the defendant; and (2) that the evidence tended to show that Davis was guilty of contributory negligence. In considering these questions the evidence must be viewed in the light most favorable to the plaintiff.   *Rice et al.* v. *Bennington County Savings Bank,* 93 Vt. 493, 108 Atl. 708.

The accident happened at the Woolen Company's storehouse.   The defendant's track where it passes that building runs north and south.   East of the main line is a spur track, or siding, and east of that, and parallel with the main track, is the storehouse platform.   When the Woolen Company receives freight in less than car lots, it is unloaded from the car as the car stands on the main track.   When this is done, the freight is moved from the car to the platform over a gang plank or "truck board".   This truck board is 17½ feet long and 3½ feet wide, and when in position for use, one end rests on the car floor, in the doorway, and the other end rests on the platform.   The floor of the platform is 1 foot above the ground, and the floor of the car is about 4½ feet above the ground.

At the time of the accident the defendant's servants were unloading a barrel of dye liquor, which weighed about six hundred pounds, from a box car that stood on the main track into the Woolen Company's storehouse.   To do this it was necessary to roll the barrel over the truck board from the car to the platform, and then across the platform into the storehouse.   When the barrel was part way from the car to the platform, on the truck board, the men let go of the barrel, permitting it to run wild from that point, and it hit Davis, who was standing on the platform, causing the injuries complained of.

[4]   It is necessary to notice but little of the evidence bearing on the question of the defendant's negligence.   Its evidence tended to show that four of its servants were engaged in unloading the barrel from the car, that they rolled it slowly down the truck board to a point about two feet from the end

of the board where, the position of the barrel being such that they "couldn't get any purchase there, not to hold it," they let go of it, and that it was then rolling in a straight course toward the door of the storehouse. On the other hand, Davis testified that the barrel rolled down the truck board pretty fast, and that its course changed towards the south before it reached the platform; and Mr. Briggs, the defendant's station agent at Hartford the last thirty-three years before the trial, testified that he was present at the time of the accident, "standing with my foot on the bottom of the truck board until the barrel got away from them," that when the barrel got away it was about half-way down the truck board, and that if the men had kept hold of it, and guided it he didn't think there would have been any difficulty. This evidence presented a question for the jury on the issue of defendant's negligence. If its servants could have prevented the accident by holding onto the barrel and guiding it, it was for the jury to say whether in permitting it to run wild when half-way down the truck board, as Briggs' evidence tended to show they did, they exercised the degree of care and prudence that the law required of them.

[5]. So, too, the question of contributory negligence was properly submitted to the jury. One of the plaintiff's regular duties as employee of the Woolen Company was to check, and report to the treasurer of the company, all freight received in less than car lots. When injured, he was on the platform for the purpose of ascertaining and checking the freight which the company received on that train; and his evidence tended to show that when the trainmen let go of the barrel he was standing where, from what he had previously observed, he might reasonably believe he would be safe. He had very little time in which to act after the barrel was released before it struck him. One witness testified: "Everything happened so quickly there—I remember Mr. Davis falling—picked him up and set him off to one side." * * * "Q. The thing happened like that (snaps fingers) didn't it? A. Yes sir." The evidence tended to show that after Davis discovered what was taking place he tried to reach a place of safety. Whether in the exercise of the requisite care and prudence he ought to have discovered the danger before and moved faster, or in a different direction, were questions for the jury.

*Judgment affirmed.*