## STEPHENS v. KEYSTONE BOILER & WELDING CO. et al.

No. 19960. Opinion Filed April 1, 1930.

John A. Brett and Lydick, McPherren & Jordan, for petitioner.

J. Berry King, Atty. Gen., Ralph Thompson, Asst. Atty. Gen., and Embry, Johnson, Crowe & Tolbert, for respondents.

CLARK, J. This is an original action filed in this court to review an award made and entered on the 21st day of October, 1928, which was an award giving to the petitioner herein, claimant below, the sum of $120 and all medical and hospital expenses. The record discloses that application was filed by Jack Stephens for compensation against the Keystone Boiler & Welding Company, Noble Drilling Company, and Commercial Casualty Company with the State Industrial Commission, in which he asks for compensation for injuries suffered while in the employ of Keystone Boiler & Welding Company, which company was preparing boilers for the Noble Drilling Company. This accident occurred on September 21, 1926. Thereafter, application was filed by Jack Stephens for compensation.

On April 11, 1928, petitioner filed application to withdraw claim and election to sue

third party. On June 11, 1928, application was filed by claimant which was a withdrawal of application to withdraw claim, and withdrawal of election to sue third party, and request for Commission to dispose of the case. Thereafter, an order was entered sustaining claimant's motion. On September 6, 1928, the Commission entered an order awarding compensation. On September 12, 1928, claimant filed a motion to vacate order of September 6, 1928, and application to withdraw claim and election to sue third party. September 12, 1928, order of Commission was filed approving election.

On September 25, 1928, order of Commission was filed sustaining claimant's motion to dismiss, and setting aside order of September 6, 1928. A motion was filed on October 5, 1928, by the Noble Drilling Company to modify order entered September 25, 1928. On October 25, 1928, order was entered by Commission vacating its order of September 25, 1928, and awarding compensation. It is this order petitioner asks this court to review, and alleges that the Industrial Commission committed error in vacating its order of September 25, 1928, and that the decision of the Industrial Commission in denying the claimant the right of election to sue the third party, Noble Drilling Company, is contrary to law.

Section 7302, C. O. S. 1921, reads, in part, as follows:

"If a workman entitled to compensation under this act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this act, elect whether to take compensation under this act or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission may by rule or regulation prescribe."

This section of the statute clearly gave petitioner the right to election. Petitioner filed his claim with the Industrial Commission, which at his request was thereafter dismissed and withdrawn, and he was permitted to elect. At petitioner's request, the claim was thereafter reinstated and he elected to prosecute his claim before the Industrial Commission. The petitioner, by his own election in the instant case, is estopped from now complaining of the acts of the Industrial Commission in making an award for compensation. Petitioner had elected twice to submit his claim to the Industrial Commission. His first election was made by filing his claim. Thereafter, he withdrew it, and again it was reinstated.

He cannot now be heard to complain that the Industrial Commission wrongfully obtained jurisdiction after the second election to submit his cause to the Industrial Commission. Petitioner further contends that his injuries by burns and scars upon his body do not come within the schedule of the injuries provided by the express terms of the act; that the Industrial Commission has no jurisdiction of the claim for compensation covering such injuries, and, as to those injuries, claimant cannot elect to confer jurisdiction upon the Industrial Commission. Petitioner further contends that as to injuries not covered by the schedule of the acts he has no election, and the Industrial Commission, therefore, was without jurisdiction to determine his rights and grant him any relief for such injuries. With this contention we cannot agree. This court, in a well-considered case, Adams v. Iten Biscuit Co., 63 Okla. 52, 162 Pac. 938, held contrary to petitioner's contention, and the rule so announced has been consistently followed by this court.

It, therefore, follows that the order of the Industrial Commission complained of was within the jurisdiction of the Industrial Commission, and the same is affirmed.

HUNT. HEFNER, CULLISON, SWINDALL. and ANDREWS, JJ., concur.