## CANADIAN PAC. RY. CO. v. MORIN.
### No. 21.

Circuit Court of Appeals, Second Circuit.
Nov. 9, 1931.

Walter H. Cleary and J. W. Redmond, both of Newport, Vt., for appellant.

Smith & Bishop, of Newport, Vt., and David E. Porter, of St. Johnsbury, Vt., for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

Arthur Morin, the plaintiff's husband, met his death on February 2, 1929, through the fall of a defective elevator attached to an icehouse which the defendant railway maintained at Newport, Vt. He was survived by his widow and their three minor children. Morin was in the employ of one Handy, whom the railway had engaged to fill its icehouse, and, when the fatal accident happened, he was at work in the line of his duty as Handy's employee. It is conceded that the railway is liable in damages for his death unless the facts set up in its answer, and admitted by the plaintiff's demurrer, constitute a defense. The answer avers that Morin and his employer had accepted, and were subject to, the provisions of the Workmen's Compensation Act (chapter 241, G. L. Vt. [section 5752 et seq.]); and that on July 2, 1929, and prior to the commencement of this suit, the plaintiff, as administratrix of her husband's estate, had made claim for compensation under said act, given written notice thereof to Handy, and filed said notice and claim for compensation with the commissioner of industries. These facts, it is contended, constituted an election by the plaintiff to proceed under the Compensation Act and preclude the bringing of this action.

The question presented is one of statutory construction upon which the Vermont courts have not directly passed. We must therefore undertake it without the aid of an authoritative guide. The essential provisions of the statute read as follows:

"Sec. 5774. *Right to Compensation Exclusive*. The rights and remedies granted by the provisions of this chapter to an employee on account of a personal injury for which he is entitled to compensation under the provisions of this chapter, shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise on account of such injury. * * *

"Sec. 5775. *Liability of Third Persons*. When an injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under the provisions of this chapter or obtain damages from or proceed at law against such other person to recover damages; and, if compensation is claimed and awarded under the provisions of this chapter, an employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person; provided, if the employer recovers from such other person damages in excess of the compensation already paid or awarded to be paid under the provisions of this chapter, then any such excess shall be paid to the injured employee less the employer's expenses and costs of action. * * *

"Sec. 5796. *Notice of Injury and Claim for Compensation*. A proceeding under the provisions of this chapter for compensation shall not be maintained unless a notice of the injury has been given to the employer as soon as practicable after the happening thereof, and unless a claim for compensation with respect to an injury has been made within six months after the date of the injury; or, in case of death, then within six months after such death, whether or not a claim has been made by the employee himself for compensation. Such notice and such claim may be given or made by any person claiming to be entitled to compensation or by some one in his behalf. If payments of compensation have been made voluntarily the making of a claim within such period shall not be required.

"But in case, through mistake of law or fact, suit or suits shall have been brought to

recover damages in any court and final judgment is against the employee, the above limitation shall not begin to run until six months after such suit or suits shall have been finally determined. [As amended by Laws 1919, No. 159, § 4.]

"Sec. 5797. *Form of Notice and Claim.* The notice and claim required under the provisions of the preceding section shall be in writing; and such notice shall contain the name and address of the employee, shall state in ordinary language the time, place, nature and cause of the injury and shall be signed by the employee or by a person in his behalf, or, in the event of his death, by any one or more of his dependents or by a person in their behalf. The notice and the claim may be combined. * * *

"Sec. 5831. *Rules of Construction.* In construing the provisions of this chapter, the rule of law that statutes in derogation of the common law are to be strictly construed shall not be applied. The provisions of this chapter shall be so interpreted and construed as to effect its general purpose to make uniform the law of those states which enact it."

█ It will be observed that section 5774 makes the rights and remedies granted by the Compensation Act exclusive of "all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise on account of such injury." Section 5775 then enacts an exception to the generality of this rule; it grants the injured employee an option, when some person other than the employer is legally liable to pay damages on account of the injury, either to claim compensation or to obtain damages from or proceed at law against such other person and it provides for subrogation to the employer "if compensation is claimed and awarded." The two sections must be read together; and, if the injured employee has exercised his option to claim compensation —at least if the compensation proceeding has progressed to an award—he may not pursue the remedy of suit against the tort-feasor. So much is clear from Davis v. Central Vt. Ry. Co., 95 Vt. 180, 183, 113 A. 539, 540, where the court said with reference to section 5774: " * * * But when the provisions of this section are read in connection with the provisions of G. L. 5775, as they must be, it seems clear that the election to take compensation, if the same is awarded, etc., precludes the employee from pursuing any other right or remedy against

any person. He may pursue either remedy; he cannot have the benefit of both."

In the Davis Case not only had the award been made, but compensation had been received pursuant to it. The case therefore leaves undecided the question now presented; namely, whether the option to "claim compensation" is exercised so as to preclude a suit when a person entitled to compensation gives to the employer and files with the commissioner of industries the notice of injury and claim for compensation prescribed by section 5796.

Under the section last mentioned a "proceeding" for compensation is initiated by giving to the employer a notice of the injury and making a claim for compensation, and the making of such claim within the time specified in section 5796 has been held to be a jurisdictional requirement. Petraska v. National Acme Co., 95 Vt. 76, 80, 113 A. 536. The appellant argues with much persuasive force that "claim compensation" in section 5775 means the same as "a claim for compensation" in section 5796; that this is the first alternative of the "option," the second being to obtain damages from or "proceed at law" against the wrongdoer; and that to construe the words "claim compensation" as though they read "obtain compensation" or "obtain an award" would be unjustifiable judicial legislation rather than permissible interpretation. We are not unmindful of the strength of this argument. The distinction between the claim, the award, and the payment, of compensation is clearly recognized throughout the statute, and section 5775 itself, in dealing with subrogation, differentiates between compensation claimed, awarded, and paid. If the employer has "paid the compensation" or has become "liable therefor," which must mean, if compensation has been awarded, he is subrogated to the injured employee's rights against the tort-feasor. After subrogation occurs, control of the suit against the tort-feasor is in the employer; clearly, therefore, at the minimum, after the compensation proceeding has progressed to an award, the employee's election must be final and exclude his remedy by suit. See Olson v. Thiede, 177 Minn. 410, 225 N. W. 391. But must we go further and say with the appellant that the election is made as soon as the employee files with the commissioner the notice and claim for compensation required by the statute? It is true that section 5775 does not expressly declare that the initiation of one remedy shall preclude a subsequent prosecution of the oth-

er, but the use of the word "option" and the provision of section 5774 that "remedies" under the act are exclusive of all others lend persuasive support to the appellant's contention.

Nevertheless there are difficulties with such an interpretation. Even the acceptance of compensation under an award, which is undoubtedly an absolute and conclusive election to claim compensation, does not extinguish the employee's right of action against the wrongdoer; on the contrary, that cause of action is kept alive for the benefit of the employer and may be prosecuted by the latter in the name of the employee, as was held in Davis v. Central Vt. Ry. Co., 95 Vt. 180, 184, 113 A. 539. If we were to hold that merely initiating the compensation proceeding constituted an election, it would result in a most anomalous situation: the employee's right of action against the wrongdoer would still be in existence, not being extinguished by the election, but no one could enforce it until the award of compensation should be made—neither the employer, because he is not subrogated to it until he has paid or become "liable therefor," nor the employee, because by hypothesis his election precludes him. Concededly, as soon as the compensation proceeding has proceeded to an award, the employer may bring suit against the defendant upon the same cause of action now declared upon, and will recover not only for himself but for the benefit of the employee, if the judgment is greater than the compensation and the costs of suing. To require dismissal of the present suit but permit the same cause of action to be reasserted as soon as the employer becomes entitled to subrogation seems a futile procedure; an intention to prescribe it should not lightly be imputed to the Legislature. It could benefit no one but the wrongdoer, who might conceivably be able to set up the bar of a statute of limitations, if entry of an award of compensation were too long delayed by the employer's contest of the employee's claim. The purpose of section 5775 was not to confer a benefit upon the wrongdoer, but to give the employer subrogation to the extent necessary to recoup the compensation he is forced to pay. Any excess of the recovery he must hold for the employee; hence, even the receipt of compensation does not forfeit all interest of the employee in his cause of action against the wrongdoer. Such being its purpose, the statute should if possible, be construed to effect it. Such an interpretation is possible if the "election" is not made until

the claim for compensation has been prosecuted to an award. To make this the rule, it is necessary to interpret "claim compensation" as meaning effectively to claim it by obtaining an award. Granting that this does not give the words "option" and "claim compensation" their most natural meaning, it does give them a permissible meaning and one which carries out the purpose of the legislation as we understand it.

Support for this conclusion is found in Lowe v. Morgan's La. & T. R. & S. S. Co., 150 La. 29, 90 So. 429. There an employee who had actually received compensation under an award was held not to be precluded from maintaining an action against the third party wrongdoer. The statute contained a section identical with section 5775 and other provisions closely similar to section 5774. The court said, 150 La. 29, 90 So. 429, at page 430: " * * * All that we think this section intended to do was to give the employer a statutory subrogation pro tanto, to the rights of plaintiff, where otherwise it would have been necessary to obtain from the employer [sic] a conventional transfer. The provision does not say that an employee claiming compensation shall forfeit his right of action against a third person by claiming compensation, but that he shall have the option to seek either, but in any event he shall not be entitled to be paid twice that portion of his demand which is represented by the compensation."

A dictum to similar effect is found in Silvia v. Scotten, 2 W. W. Harr. (Del.) 295, 122 A. 513, 514, where the court said that "certainly if no compensation has been accepted" the employee, if living, or, in case of his death, his widow or personal representative, is left in full possession of all rights accorded them by law against the tort-feasor.

The appellant cites cases from Massachusetts to the effect that the mere bringing of an action against the wrongdoer is an election of remedies which deprives the injured employee of the benefits of the Compensation Act. Sciacia's Case, 262 Mass. 531, 160 N. E. 310; Labuff v. Worchester Consol. St. Ry. Co., 231 Mass. 170, 120 N. E. 381; Coughlin v. Royal Indemnity Co., 244 Mass. 317, 138 N. E. 395; cf. Hunt v. Zako, 243 Mass. 565, 137 N. E. 728. It is urged that in the converse situation, where the compensation remedy is the one first initiated, the same rule should obtain. See Stephens v. Keystone Boiler & Welding Co., 142 Okl. 237, 286 P. 309, 310, where the court said, "His first election was made by filing his claim" (for compensation).

But this does not seem to us a necessary corollary of Sciacia's Case in view of the purpose of the statute to give the employer subrogation so far as necessary while still retaining for the employee an interest in the recovery. Moreover, though this difference in the statutes may be thought of slight significance, the Massachusetts act provided that the employee may "at his option" proceed either at law against the tort-feasor to recover damages or against the insurer for compensation under the act, "but not against both." It may be noted also that by recent amendment (Mass. St. 1929, c. 326, § 1) there has been added a provision that "an employee shall not be held to have exercised his option under this section to proceed at law if, at any time prior to trial of an action at law brought by him against such other person, he shall, after notice to the insurer, discontinue such action."

No case involving a statute identical with that of Vermont has been found holding contrary to the views we have expressed. So far as section 5831 enjoins uniformity of interpretation, it points toward acceptance of the Louisiana decision already mentioned.

We have assumed in accordance with the appellant's contention that the claim filed by the widow as administratrix was such a claim as would amount to an "election" if anything short of obtaining an award would do so. The appellee argues that the claim was a nullity. This dispute we do not find it necessary to determine, in view of the meaning we have ascribed to the statute and the assumption above mentioned.

■ The appellant also contends that the sole remedy of the plaintiff is under the Compensation Act because section 5775 gives only to "the injured employee" the option to pursue the wrongdoer. In death cases there is a formal difficulty with respect to the option because the claimant of the compensation (the widow and dependent children, section 5777) and the plaintiff in the action (the administratrix suing for the benefit of widow and next of kin) are separate legal persons. Section 5775 does not recognize the anomaly so arising. If the option of the injured employee does not, in the event of his death, pass to the persons entitled to compensation, then no option exists and section 5774 would preclude the administratrix from suing under the death statute. Hence the employer, though obliged to pay compensation to the deceased employee's dependents, would have no recovery over against the wrongdoer. It cannot be supposed that the Legislature meant to allow subrogation only if the employee survived his injury. We entertain no doubt that section 5775 does apply to death cases, that the option "of the injured employee" belongs to his dependents in the event of his death, and that their exercise of it binds the administratrix. Support for this conclusion may be found not only in the purpose of section 5775 to give the employer subrogation, but also in section 5758, which provides that "any reference to a workman who has been injured shall, where the workman is dead, include a reference to his dependents as herein defined, if the context so requires."

For the reasons stated, we hold that the demurrer to defendant's answer was properly sustained, and the judgment is affirmed.