CHARLES BELFORE v. VERMONT STATE HIGHWAY DEPARTMENT ET AL.

October Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON and SHERBURNE, JJ., and JEFFORDS, Supr. J.

Opinion filed November 4, 1936.

398

*Lawrence, Stafford & O'Brien* for the defendants.

*Novak & Bloomer* for the claimant.

MOULTON, J.   This is an appeal from an award of compensation made under the provisions of chapter 264, P. L.   The claimant suffered an injury which concededly arose out of and during the course of his employment by the Vermont State highway board, when he was run over by an automobile truck owned by Thorne and driven by Forguites.   He brought an action at law against Thorne in the District Court of the United States for the District of Vermont to recover for his injury, but it appeared upon trial that the truck, at the time of the accident, was under lease from Thorne to the highway board, and consequently a verdict was directed in Thorne's favor.   Within six months after judgment had been entered on the verdict, the claimant gave notice that he would seek compensation from the highway board, the employer, under P. L. 6495.

The defense interposed at the hearing by the employer and the insurance carrier was that by the institution of his action against Thorne the claimant had elected to avail himself of his common law remedy against a third party and was barred from receiving compensation under P. L. Ch. 264.   The deputy commissioner of industries found that the action was brought under a mistake of fact and made the award.   The questions raised by the appeal relate to the soundness of the ruling of the deputy commissioner that the claimant had not made such an election as would preclude him from seeking compensation; and to the sufficiency of the evidence upon which the deputy commissioner made his finding of a mistake of fact.

By P. L. 6511 it is provided that ''when an injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under the provisions of this chapter or obtain damages from or proceed at law against such

other person to recover damages; and, if compensation is claimed and awarded under the provisions of this chapter, an employer having paid compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person * * *." By P. L. 6485 (I) the term "employer" includes, under the present circumstances, the insurer. Under P. L. 6511 an injured employee to whom the two remedies are open may pursue either, but cannot have the benefit of both. *Davis* v. *Central Vermont Ry. Co.*, 95 Vt. 180, 183, 113 Atl. 539.

▇▇ P. L. 6536 provides that "In case, through mistake of law or fact, a suit has been brought [by an employee] to recover damages in any court and final judgment is against the employee, the limitation [of time for giving notice of claim for compensation under P. L. 6535] shall not begin to run until six months after such suit has been finally determined." This section is a more recent enactment than P. L. 6511, since it first appears in No. 159, sec. 4, Acts of 1919, as an amendment to G. L. 5796, now P. L. 6535, and, with slight changes which are immaterial here, became a separate section of the Public Laws of 1933. P. L. 6511 was originally No. 164, sec. 8, Acts of 1915, and later G. L. 5775. If there is any conflict between the two, the later controls (*In re Ogilvie's Est.*, 291 Pa. 326, 139 Atl. 826, 828), and it is our duty, since P. L. 6511 is general and P. L. 6536 is special, to read the two together and harmonize them if possible with a view to giving effect to a consistent legislative policy, and to the extent of any repugnancy between them the special will prevail regardless of their order or dates. *In re James*, 99 Vt. 265, 272, 132 Atl. 40; *Stearns* v. *Graham*, 85 Vt. 486, 487, 82 Atl. 835. Since both are a part of chapter 264, P. L., which deals with the subject of workmen's compensation and the procedure for obtaining it, the sections are sufficiently cognate to be *in pari materia* and they are to be construed with reference to each other as parts of one system, and the legislative intent, thus ascertained, must be given effect. *Grand Lodge of Vermont* v. *City of Burlington*, 104 Vt. 515, 519. The construction is, moreover, to be liberal. P. L. 6578; *Blake* v. *American Fork and Hoe Co.*, 99 Vt. 301, 304, 131 Atl. 844; *Packett* v. *Moretown Creamery Co.*, 91 Vt. 97, 101, 99 Atl. 638, L. R. A. 1918F, 173.

▇▇ It is said in *Petraska* v. *National Acme Co.*, 95 Vt. 76, 81, 113 Atl. 536, that the provisions of G. L. 5799 (now P. L.

6535), of which, as we have seen, P. L. 6536 was originally an amendment, apply only to the notice of injury; and the defendants argue that, upon this authority, the provisions of P. L. 6511 are not affected by the latter statute, and that the institution of the action against Thorne is such an election as bars this proceeding against the employer. But the language of the Petraska case must be read in accordance with its context and the point in issue, which was whether under the circumstances therein disclosed any notice of injury was required by the law; and was used in making a distinction between G. L. 5799 and G. L. 5797 (now P. L. 6537) which specified the form and contents of the notice. Nothing contained therein prevents our consideration of the question whether P. L. 6536 expressly or impliedly modifies P. L. 6511.

If the mere bringing of an action by the injured employee against a person other than the employer regardless of its outcome, or the circumstances under which it is instituted, constitutes an election to forego any claim for compensation, and precludes a subsequent resort to the latter remedy, as the defendants contend, P. L. 6536 would be a useless piece of legislation. There would be no situation in which it could apply, for there would be no object in extending the time for giving notice of claim if such claim were unavailing because of previous election to seek redress from another person. To construe the statute thus would nullify its express provision and defeat its purpose. Such an absurd consequence must always be avoided if possible. *In re Fulham's Est.*, 96 Vt. 308, 317, 119 Atl. 433; *Cady's Admr.* v. *Lang*, 95 Vt. 287, 293, 115 Atl. 140; *Morse's Est.* v. *Town of St. Johnsbury*, 92 Vt. 423, 434, 105 Atl. 34; *Morse* v. *Tracey*, 91 Vt. 476, 479, 100 Atl. 923; *In re Howard's Est.*, 80 Vt. 489, 495, 68 Atl. 513; *Henry* v. *Tilson*, 17 Vt. 479, 487. Although this section does not in terms say that the bringing of an unsuccessful action at law against a third party under a mistake of law or fact shall not constitute an election, such is its necessary implication; and reading it in connection with P. L. 6511 it is clear that it qualifies the latter section and states an exception to the general rule therein given. We hold that where there has been an action brought through mistake of law or fact, in which final judgment has been rendered against the employee, there has been no election by him, and he is not precluded from a claim for compensation against the employer, if the required

notice has been given within six months after such final judgment. The argument that under such circumstances the employer is deprived of his statutory right of subrogation, which has been advanced by the defendants, is without foundation, for there can be no subrogation to the rights of the employee unless such rights exist, as of course they do not by judicial determination when there is an entry of final judgment against him.

The exceptions taken by the defendants to the ruling of the deputy commissioner upon the question of an election are not sustained.

As tending to show a mistake of fact, the claimant offered a certified copy of the record of his action against Thorne, by which it appeared that, in directing the verdict, the learned District Judge said that it was shown by the evidence that Forguites, who was driving the truck when it collided with the plaintiff, was employed by the State of Vermont and not by the defendant ''and that the plaintiff has made a mistake of fact by believing and claiming in this suit that Forguites was employed by the defendant at the time * * *.'' The exhibit was received, subject to exception upon the grounds that it related to a collateral matter, in which neither of the defendants was a party and consequently any finding of mistake contained therein would not constitute an estoppel or res adjudicata as against them. The deputy commissioner expressly based his finding that there had been a mistake of fact upon the remark of the District Judge above quoted.

The evidence was inadmissible for the purpose for which it was offered by the claimant, and used by the deputy commissioner. It constituted neither an estoppel nor res adjudicata, because the defendants, or either or them, were not in privity with Thorne. Fletcher v. Perry, 104 Vt. 229, 232, 158 Atl. 679. There is, as is said in Girard v. Vermont Mutual Fire Ins. Co., 103 Vt. 330, 339, a vast difference between admitting a judgment to prove its execution, and admitting it to prove the facts upon which it is predicated. Here the judgment against the plaintiff, the present claimant, was properly received to show the outcome of the proceeding, but the finding as to the factual situation, whatever it might have been, was res inter alios, and had no effect upon the rights of the defendants. The fact that the defendants had previously introduced certified copies of the writ and docket entries in the case, for the purpose of showing

an election, did not justify the admission of the record offered by ·the claimant, for it was not competent evidence to explain the material facts already appearing, the commencement and final disposition of the action. See *Turner* v. *Howard*, 91 Vt. 49, 53, 99 Atl. 236; *Hendrickson* v. *Int. Harvester Co.*, 100 Vt. 161, 168, 135 Atl. 702; *Enos* v. *Owens Slate Co.*, 104 Vt. 329, 337, 160 Atl. 185.

██ ██ By P. L. 6490 the commissioner of industries is not bound by common law or statutory rules of evidence, or by technical or formal rules of procedure, but may make the investigation or inquiry, or conduct the hearing, in such manner as to ascertain the substantial rights of the parties. Does the admission in evidence of a finding by another court in a cause in which the defendants were not parties, had no interest, and were unable to be heard, and which was immaterial to the issue therein involved, and the use of this evidence, concerning which there had been no opportunity for cross-examination, as a basis for a finding against them, serve the purpose of ascertaining their substantial rights? We think not; the statute is not to be construed so as to permit the rules of evidence to be disregarded to this extent. See *Petition of Trustees of Westminster Village*, 108 Vt. 352, 187 Atl. 519 (decided at the October Term, 1936, of this court). The finding of the deputy commissioner being predicated upon inadmissible evidence, received under exception, and being itself the subject of exception, must be rejected. *O'Rourke* v. *Cleary*, 105 Vt. 85, 87, 88, 163 Atl. 583; *Farmer's Bank* v. *Thompson*, 74 Vt. 442, 448, 52 Atl. 961.

██ The order of the deputy commissioner is reversed, but since it appears probable that other evidence will be forthcoming upon the question whether the action against Thorne was brought under a mistake of fact, and to prevent a failure of justice, we do not enter final judgment, and remand the cause for further proceedings.

*Order reversed and cause remanded to the commissioner of industries. To be certified.*