HESSE, Plaintiff in Error, *vs*. THE MISSOURI STATE MUTUAL FIRE AND MARINE INSURANCE Co., Defendant in Error.

1. The 33d section of the 4th article of the act concerning practice at law (R. C. 1845) prohibiting a plaintiff from taking a nonsuit after the cause has been submitted to a jury, or to the court sitting as jury, is still applicable, notwithstanding the practice act of 1849, in all cases which would have been actions at law under the old system, and so the proper subjects of a jury trial; but in what would formerly have been suits in equity, the plaintiff may dismiss his petition at any time before a final decree. The 6th and 7th sections of the 13th article of the act of 1849 furnish the rule of distinction.

*Error to St. Louis Circuit Court.*

Action upon a policy of fire insurance, to recover a balance claimed to be due on account of a loss. The cause was tried by the court, a jury being waived. The evidence being heard,

the court adjourned until the next day, taking the case under advisement. On the next day, the court orally stated the facts found and the conclusions of law thereon, and, as was the practice, directed the defendant's counsel to reduce the finding to writing, to be signed by the judge. At this point, the plaintiff asked for leave to take a nonsuit, which was refused, and after a judgment for the defendant, he sued out this writ of error. The issues in the cause will sufficiently appear from the finding of the Circuit Court, which was substantially as follows :

In November, 1850, the plaintiff's stock of goods was destroyed by fire, being at the time covered by the defendant's policy of insurance for the sum of $2000. After the fire, a dispute arose between the plaintiff and defendant as to the amount of the loss, and it was finally compromised and adjusted at $1500, of which $912 was paid by the defendant, leaving a balance of $588. On the 21st of May, 1851, plaintiff assigned this balance to H. N. Hart, who, in August, 1851, brought suit against the defendant for the same. In that suit, the defendant pleaded as an off-set a note executed by the plaintiff and his partner to Doan, King & Co., in 1846, which was assigned to the defendant on the 6th of May, 1851, and upon which the amount due exceeded the amount sought to be recovered by Hart, as the assignee of the plaintiff. This off-set was allowed to the extent of the plaintiff's claim, and a judgment rendered for the defendant.

Upon the above facts, the Circuit Court declared, as conclusions of law, 1st, that the judgment in the suit of Hart against the defendant was a bar to the present suit ; 2d, that the defendant had no capacity, under its charter, to take the note executed to Doan, King & Co. by assignment, and so was not entitled to the judgment claimed in the answer in the present suit, for the balance due on said note over and above the amount for which it had been set-off in the former suit.

*Hart & Jecko,* for plaintiff in error. 1. The court below improperly admitted the record of the case of Hart against the

defendant to be read in evidence. In that suit, the defendant took issue upon the allegation of assignment, and that issue was never tried; and yet the Circuit Court held that the judgment there was a bar to the present suit, although it is further found that the off-set upon which that judgment was rendered was illegal. 2. The Circuit Court erred in refusing the plaintiff leave to take a nonsuit when it was asked. When the trial is by jury, the plaintiff is always allowed to take a nonsuit after hearing the instructions; and when the trial is without a jury, in which case the facts are first found, and then the law declared, it is a harsh practice to deny him the same right.

*Glover & Richardson*, for defendant in error. 1. The assignment to Hart prior to the institution of this suit, was a good defence. (Prac. Act of 1849, art. 3, § 1.) 2. The judgment in the case of Hart against this defendant was a bar. 3. A plaintiff has no right to take a nonsuit after the issues are found against him. (R. C. 1845, p. 821, § 33.)

Scott, Judge, delivered the opinion of the court.

The question involved in this case is of some importance. It is, at what time, under the present practice act, a party may dismiss his petition when the trial has been submitted to the court. The practice act now in force is silent as to nonsuits. Under the New York code, similar in many respects to our own, they seem to have no place. Law and equity being blended, the term nonsuit would not perhaps have been appropriately applied to all dismissals of petitions indiscriminately. It seems to be against the spirit of the present system of procedure to keep up a distinction between law and equity suits, and to hold that a suit which would formerly have been on the equity side of the court may be dismissed at any time upon the payment of costs, whilst one that would have been on the common law side of the court, must be subject to the statutory regulations now in force in relation to nonsuits.

The 33d section of the 4th article of the act concerning prac-

tice at law, (R. C. 1845,) forbids any plaintiff from suffering a nonsuit, after the cause, upon a hearing of the parties, shall have been finally submitted to a jury, or to the court sitting to try the issue, for their decision. By blending the administration of law and equity, it is obvious that, if this provision is made to extend to all trials by the court, a class of cases will be included in its terms which was never contemplated, as the provision was only intended for trials at law under the old system of practice. All the elementary writeis on equity law tell us that, in chancery, a complainant may, at any time before a final decree, upon the payment of costs, dismiss his bill. (Adams on Equity, 664.) This rule has lately been modified in England by an order in chancery. At law, under the old system, when the matter to be tried was, by the pleadings narrowed down to a single issue, there was a propriety in refusing a plaintiff the liberty of taking a nonsuit after submitting his case; but, as matters of chancery jurisdiction were usually complicated, in which many facts were involved, the law, in its wisdom, permitted a plaintiff to dismiss his bill before a final decree, and to renew his suit, when by oversight or any other cause, he had failed to present it in the way it should have been.

In this state of uncertainty, we have thought that the 6th and 7th sections of the 13th article of the present act regulating practice, which seem to draw a sort of random line between the former actions at law and suits in equity, should furnish a rule by which to distinguish the cases in which the provisions of the statute, relative to nonsuits, should apply, and those in which the rule in equity, as above stated, should obtain. The first of the sections referred to, describes the actions in which the trial of the issues shall be by the jury, and the next section that class of litigation, once known as chancery suits, which, from their intricacy and the number of circumstances involved, it would be unsafe to submit for trial to a jury, and therefore, are still left, as formerly, to be tried by the court, and being so left, the right of the plaintiff to dismiss

his petition, and the power of the court to dismiss a petition without prejudice, would remain as they stood under the old system in equity proceedings.

As this was a case properly triable by a jury, the submission to the court did not vary the rule applicable to nonsuits. The statute prescribes that, after a cause shall have been finally submitted to a court for its decision, the plaintiff shall not be permitted to take a nonsuit. This cause was finally submitted to the court, and its decision made known before the party offered to take a nonsuit, and therefore it was properly refused.

The court having found the fact of the assignment to Hart, the record of the Court of Common Pleas was conclusive between the parties.

The finding of the court, in relation to the illegality of the set-off set up by the defendant, was entirely redundant and unnecessary, as a previous part of the finding showed that the matter was concluded by a former judgment.

Judge Ryland concurring, the judgment will be affirmed.