H. W. HUTHSING, Defendant in Error, *v.* JACOB P. MAUS, Plaintiff in Error.

36   101
31a  140
36   101
40a  592
36   101'
102  653
36   101
113  468
36   101
119  126
36   101
157  487
157  491
157  492
157  493

1. *Practice—Change of Venue.*—In civil suits, the affidavit in support of a motion for change of venue must be sworn to by the party himself. (Levin v. Dille, 17 Mo. 64, affirmed.)
2. *Practice—Depositions.*—Where the deposition of a witness, residing more than forty miles from the place of trial, was taken, it may be read in evidence, although the witness may have attended at the court, if he depart before the trial without the consent or collusion of the party offering the deposition.
3. *Practice—Dismissal.*—After the cause was submitted to the jury and they had retired to consider their verdict, the plaintiff suggested the death of one of the defendants and dismissed the case as to him; *held*, that § 48, p. 1269, R. C. 1855, did not apply to the case, and that such dismissal was properly entered.

*Error to Cole Circuit Court.*

This was a suit in the Cole Circuit Court to August term, 1860, by Henry W. Huthsing against Saunders and Maus, who

were partners and subcontractors on the 20th section and 3d division of the Kansas route of the Pacific railroad, for a balance alleged to be due plaintiff below for work in excavating earth, rock and hard-pan, extra hauling and clearing, which Huthsing did under a parol agreement made by Saunders and Maus with Huthsing on said section and division.

Defendants answered and admitted that they were partners as stated in plaintiff's petition, and denied all the material allegations in plaintiff's petition, then admitted a contract made by them with William Huthsing, &c., which was the same as that alleged in plaintiff's petition, and also admitted that the same had been done, but averred that it had been paid.

At the August term, 1863, a petition was filed in the cause, sworn to by Jacob H. Maus, for a change of venue, which was overruled by the court. The cause came on for trial. Plaintiff proved by several witnesses that he had the work done on the 20th section of 3d division of Pacific railroad ; that Maus admitted the contract as alleged in plaintiff's petition. Others testified that the 20th section of 3d division of Kansas route of Pacific railroad is between Jefferson City and California, Mo., and that it was the custom to make estimates of work done on that part of the road one month after the work was actually done ; that Kirkwood, Porter & Co. gave one per cent. additional per cubic yard for every hundred feet haul over five hundred feet. Shiffbauer testified that he had no interest in the contract with Saunders and Maus, nor ever had any contract with them ; that it was the custom on the road to retain ten per cent. of the contract price for the work done at each estimate.

The defendants offered evidence of payments made.

The plaintiff then asked the following instructions :

" 1. If the jury believe from the evidence that the plaintiff and defendants entered into an agreement by which plaintiff was to work on section 20 of 3d division of Kansas route of the Pacific railroad, and that the defendants were to pay the plaintiff therefor the prices named in the petition

for earth excavation and for hard-pan and for rock excavation, and one cent for extra haul—that is to say, one cent additional for every cubic yard for every 100 feet over 500 feet—said hauling to be estimated at the same rate agreed upon between defendants in their contract with Kirkwood, Porter & Co.; and if the jury further believe that plaintiff commenced said work under said contract and continued the same until the defendant failed to pay him according to said agreement, then the jury will find for the plaintiff whatever sum or balance they may believe him entitled to from the evidence, together with six per cent. interest on same from the time it should have been paid.

" 2. The answer admits that the quantity of earth excavation and hard-pan excavation mentioned in the petition was done and performed on section 20, and the prices claimed in the petition as having been agreed upon between the parties are also admitted in the answer to be the prices which the defendants were to pay for said work.

" 3. If the jury believe from the evidence that the ten per cent. of the estimates of the work was retained by the defendant at the time of any monthly estimate, and is still retained, they will include such per cent. in making their verdict.

" 4. If the jury believe from the evidence that any order or receipt, read in evidence by defendants, were included in the monthly settlement or settlements, they will not give the defendant additional credit therefor."

Which were given, and defendants objected and excepted.

The defendants then asked the following instructions:

" 1. The jury are instructed to exclude from their consideration all that part of the deposition of Geo. W. Way there contained in 'Exhibit A.' which states as follows—' Clearing $6\frac{6}{10}$ acres; 3d class measure, $165\frac{3}{10}$ cubic yards; fencing, 42 yards.'

" 2. [Refused. See opinion.]

" 3. The jury are instructed further to take into their consideration all the facts and circumstances in evidence

that tend to prove that defendants fully paid plaintiff for all or any work and labor done by him under the special contract set out in plaintiff's petition.

" 4. Whatever interest the jury may believe the said witness William Shiffbauer may have in the result of this action, should go to and offset, that far, his credibility.

" 5. The plaintiff in this case has sued upon a special contract, and before the jury can find for the plaintiff they must believe from the evidence that plaintiff and defendants entered into a contract for the performance of the work and labor as charged in plaintiff's petition.

" 6. If the jury believe from the evidence that the plaintiff and defendants entered into the agreement stated in plaintiff's petition, and did work and labor in pursuance thereof; yet if they further find that the plaintiff abandoned the said work and labor under said agreement without the fault of defendants, they will find for the defendants."

The second and sixth instructions were not given, and defendants excepted. The case was submitted to the jury, and after the jury had retired the death of Saunders was suggested and the suit dismissed as to him; to which attorneys for Maus objected; but the objections being by the court overruled, defendants excepted. The jury returned a verdict for plaintiff and assessed his damages at five hundred dollars.

*J. L. Smith*, for plaintiff in error.

I. The court committed error in refusing to grant defendants the change of venue prayed for in the petition. There was no objection taken to the petition, except that the same was not sworn to by one of the defendants instead of J. H. Maus, the son of defendant J. P. Maus. The statute was complied with. The agent and son of defendant Maus, in the absence of either defendant, properly made the affidavit to the petition. (R. C. 1855, p. 1559, §§ 1–3; p. 1184, § 20; p. 1234, § 20.) It was not the intention of the lawmakers that the petition for change of venue should be veri-

fied by the party alone seeking such change, and not by his agent, as in case of other petitions.

II. The Circuit Court committed error in allowing plaintiff to read in evidence to the jury the deposition of James W. Way; first, because the said witness was in the city of Jefferson, the place of trial of said cause, on a subpœna to testify at the time of trial, and because he was not .gone a greater distance than forty miles from the place of trial, &c. (R. C. 1855, p. 658, § 28.)

III. The first instruction asked by plaintiff did not contain the law of the case, because there was no evidence upon which to predicate the same; and is further objectionable, in assuming that defendants failed to pay plaintiff in pursuance of said contract, without leaving that fact for the jury to find. (Gibson v. Long, 29 Mo. 133.) The answer of the defendants does not admit the facts stated in plaintiff's second instruction. There was not a shadow of evidence that authorized any such declaration of law as contained in the plaintiff's third instruction. The fourth instruction is not objectionable so far as the law abstractly is declared, but there was no evidence tending to show such a state of facts as it assumes. These instructions ought not to have been given, as they were calculated to mislead the jury.

IV. The second instruction asked by defendants was a correct embodiment of the law as applicable to this case. Plaintiff sued on a special contract, and evidence tending to show work and labor done for defendant not under said contract was inadmissible. The sixth instruction asked by defendants was clearly the law of the case. (Helm v. Wilson, 4 Mo. 41; Wolcot v. Lawrence Co., 26 Mo. 272; Posey v. Garth, 7 Mo. 94; Schnerr v. Lemp, 19 Mo. 40; Henson v. Hampton, 32 Mo. 408; Marsh v. Richards, 29 Mo. 99.)

V. The court erred in permitting plaintiff to dismiss his suit as to J. W. Saunders. The defendant Saunders had died before trial, and no steps were taken to make his administrator a party defendant. This case does not fall within the provisions of art. 19 of the Practice Act, prescribing the

circumstances under which a plaintiff may dismiss his petition as to some of the defendants. The plaintiff should not have been permitted to dismiss as to Saunders after verdict, or the return af the jury with their verdict.

VI. The court below should have interfered and set aside the verdict of the jury, because the record shows the fact that plaintiff abandoned his alleged agreement in the latter part of October or first of November, 1856, and defendant produced his receipts in full up to 1st of November of that year, and several receipts for smaller sums paid subsequently.

*Ewing & Belch,* for defendant in error.

The court committed no error in overruling the objections of defendant (below) to the reading of the deposition of Way; he had been brought by the plaintiff (below) into court to testify, and was not absent by his consent or connivance—was not a resident of Cole county, and it was admitted that he lived more than forty miles from the place of trial, and there was even no evidence of the fact that witness was at the time of the trial within 40 miles of the place of trial.

The objection that the deposition referred to estimates of work on the 20th of October, 1856, was properly overruled, as witnesses testified that it was the custom to make the estimates "a month after the work was done."

The second and sixth instructions asked by defendant below were erroneous and were properly refused. The fifth instruction given for defendant put the case in the most favorable light he could ask.

The application for a change of venue was properly refused. The agent of defendant had no right, nor does the statute authorize him, to make the application. The application was not made in time, nor was the notice, as required by statute, given. (R. C. 1855, p. 1559.)

As to the right of plaintiff to dismiss as to one of defendants and take judgment against the other, there can be no question.

HOLMES, Judge, delivered the opinion of the court.

This was a suit for work and labor done by the plaintiff on section 20 of the 3d division of the Pacific railroad, in excavating, hauling and clearing, at certain prices and rates agreed on with the partnership firm of Saunders & Maus, subcontractors, in the year 1856. The plaintiff continued the work according to agreement until he was prevented from the further prosecution of it by reason of the failure of his employers to make payment for the same according to the contract; and he claimed a balance still due him of $1,329.50, for which he asked judgment.

The answer of the defendants denied the truth of the facts as stated in the petition, but admitted a like agreement between themselves and Henry Huthsing and W. Shiffbauer as partners; and they alleged that all the work that was done had been paid for.

There was a trial by jury, and a verdict was rendered for the plaintiff for $500. There was a motion for a new trial, and a bill of exceptions filed in which several questions are presented for decision: they will be taken up in their order.

1. And, first, it appears, that, at the August term of the court in 1863, the defendant Jacob P. Maus filed a petition for a change of venue, on the ground that the inhabitants of the county were prejudiced against him. This petition was sworn to by one Jacob H. Maus, as the agent of the defendant. The court refused to grant the petition. The statute concerning change of venue in civil cases evidently contemplates that the application shall be made by the party himself, and it expressly requires that he "shall annex thereto an affidavit to the truth of the petition." The act makes no provision for this oath being taken by an agent. The act concerning practice in criminal cases expressly provides that the affidavit may be made by an agent; and it may very well be that the Legislature saw good reason for making the application in civil cases rest on the personal knowledge and the conscience of the party himself. A change of venue is

not authorized unless all the provisions of the statute in relation to the application have been complied with. In Levin v. Dille (17 Mo. 64) the affidavit was made by an attorney, and it was held that the application was properly refused, as not being in compliance with the statute. We think there was no error in refusing a change of venue.

2. Another ground of exception was the admission of the deposition of James W. Way. It was admitted that the witness resided at a distance of more than forty miles from the place of trial; and though he had been in attendance for several days and until the day of trial, it appears that his absence was without collusion or the consent of the plaintiff. We think the deposition was rightfully admitted to be read.

3. Four instructions were given for the plaintiff, and several were given for the defendants, two only being refused. On a careful examination, we are of opinion that the instructions given for the plaintiff correctly state the law of the case and were well warranted by the evidence. The second instruction refused for the defendant was as follows :

" 2. The jury are further instructed to exclude from their consideration any evidence that tends to show plaintiff did work and labor for the defendants, unless they find the same was done under the special contract stated in plaintiff's petition."

So far as any special contract is stated in the petition, the evidence offered by the plaintiff seems to have been pertinent to the issues actually made, and we have failed to discover any evidence tending to show any other or different contract than that in the petition contained. We do not see that the defendant was injured by the refusal of the instruction.

The other instruction which was refused for the defendant was to the effect, that, if the plaintiff had abandoned the work without the fault of the defendant, he could not recover.

There does not appear to have been any evidence in the case which could be considered as furnishing a foundation for such an instruction; on the contrary, all the evidence bearing upon the particular subject seems to have been di-

rectly the other way.. We think this instruction, also, was very properly refused.

4. It further appears from the bill of exceptions, that after the jury had retired, and before they had made up their verdict, the plaintiff suggested the death of Saunders, one of the defendants, and dismissed his petition as to him; and thereupon the verdict was rendered against the other defendant only. The defendant insists that the plaintiff had no right to suffer a non-suit or dismissal after the cause had been submitted to the jury. The proper construction of the 48th section of article 10 of the Practice Act (R. C. 1855, p. 1269), which reads as follows—"No plaintiff shall suffer a non-suit or dismissal after the cause, upon a hearing of the parties, shall have been finally submitted to a jury, or to the court, for their decision"—has been the subject of discussion in this court in several cases.

In the case of Hesse v. The Mo. State Mut. F. & M. Ins. Co. (21 Mo. 93), the cause had been tried before the court sitting as a jury, and the finding of the court had been amended, when the plaintiff asked for leave to take a non-suit, which was refused; and this court held it was too late, after the final decision had been made known.

In Lawrence v. Shreve (26 Mo. 492), it was determined that where a cause is taken under advisement by the court upon instructions to be considered, and no day is named for the announcement of the decision, the plaintiff is entitled to be informed of the decision upon the instructions, and, after that, to have an opportunity to take a non-suit before the final submission of the cause: and in the case of Hensly v. Peck (13 Mo. 587), a jury was recalled the next morning after they had retired, when the instructions were withdrawn and new instructions given; whereupon the plaintiff took a non-suit with leave, and it was decided that the court, "in all this, had not acted indiscreetly or illegally."

Without undertaking to draw the limit with exact precision, it would seem to be reasonable that some latitude of discretion should be allowed. The jury may have retired,

8—VOL. XXXVI.

and yet it may reasonably be considered that neither the case nor the jury had passed entirely beyond the control and discretion of the court, so that it must necessarily be said that a final submission had been made. In this case, the plaintiff did not take a non-suit; he only dismissed as to one defendant, and that a party deceased. A judgment against Saunders, after his death had been suggested, would have been erroneous, (Wittenburgh v. Wittenburgh, 1 Mo. 161,) and would have been vacated even at a subsequent term. (Stickney v. Davis, 17 Pick. 169; Stacker v. Cooper Cir. Ct. 25 Mo. 401.) It would have been utterly useless to have taken a verdict on that state of the record, and we do not see that it was an illegal or improper exercise of the power of the court to allow this dismissal to be entered at the time it was done; nor does it appear that any injustice was thereby done to the other defendant.

The judgment will be affirmed; the other judges concurring.