I. GLEE WHEELOCK ET AL. *v.* A. L. HASKELL ET AL.

November Term, 1923.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 29, 1924.

*Corporations—G. L. 4931, Imposing Liability on Directors of
Corporations under Certain Circumstances, Is Penal and to
Be Strictly Construed—Statutes Construed to Effectuate
Purpose of Lawmake.·s—Sufficient Compliance with G. L.
4931.*

1.  G. L. 4931, declaring directors of a corporation personally liable
    for debts contracted with their assent prior to filing of certi-
    fied copy of certificate of capital paid in, as therein provided,
    while not penal in the full sense of the term, is penal in
    character, and should be strictly construed against one seek-
    ing to establish liability thereunder.

2.  Statutes are to be so construed as to effectuate the real pur-
    pose of the lawmakers, which is to be determined, not alone
    by the letter of the statute, but from its natural and reason-
    able effect and consideration of extrinsic facts that throw
    light upon it, including the evils or omissions in old law
    sought to be remedied.

3.  The purpose of G. L. 4931, relating to the filing of certified copy
    of certificate of capital paid in, being to provide a method
    whereby prospective customers and patrons of the corpora-

tion might conveniently get reliable information regarding its financial standing, the filing in the proper town clerk's office of such original certificate was as effective to accomplish that purpose as the filing of a certified copy thereof would have been, and constituted a sufficient compliance with the statute to prevent liability attaching to the directors thereunder, as corporate officers acting in good faith under such a statute are not liable for non-observance of some technical detail that does not affect the substance of the thing required.

ACTION OF CONTRACT against directors of a corporation under G. L. 4931. Plea, general issue. Trial by the city court of city of Montpelier, *Fred L. Laird,* City Judge. Judgment for the defendants. The plaintiffs excepted. The opinion states the case. *Affirmed.*

*H. C. Shurtleff* for the plaintiffs.

*J. Ward Carver* and *J. W. Gorden* for the defendants.

BUTLER, J.   The complaint is in the name of I. Glee Wheelock and Flora Brown as individuals. The plaintiffs seek to recover of the defendants, as directors of the Woodbury Co-operative Creamery Company, Inc., under the statute G. L. 4931, a debt due them from the creamery company, on the ground that the defendants have never complied with the statute by filing a copy of the certificate of capital paid in. The writ is dated January 12, 1921. So far as appears by the record, the case stands on general denial.

The Woodbury Co-operative Creamery Company was a corporation organized under the General Laws.

G. L. 4931 provides that before a corporation commences business the president and clerk shall have made a certificate under oath, stating the amount of capital actually paid in, which shall be filed in the office of the Secretary of State, and a certified copy thereof filed with the clerk of the town in which the principal place of business of the corporation is to be located; and it further provides that if the corporation contracts debts before a copy of its articles of association and such certificate is filed with the town clerk, the president and directors

assenting thereto shall be personally liable for such debts.  The articles of association of the corporation, in due form, were filed with the Secretary of State on April 26, 1916, and in the town clerk's office in Woodbury May 10, 1916.  The president and clerk attempted to comply with the requirements of the statute with reference to the certificate of paid in capital; what was done was this:  They made and executed the certificate called for, and forwarded it to the Secretary of State, who received it on January 9, 1920.  On the same day it was returned to the corporation, indorsed as follows:

"State of Vermont, office of Secretary of State, filed January 9th, 1920.

Rawson C. Myric, Deputy Secretary of State."

It was accompanied with a letter from the secretary stating that it was in proper form, but should have with it a certificate of proposed issue of capital stock, a form of which was inclosed, and suggesting that this certificate should bear the same date as the certificate of paid-up capital.  The latter certificate was filed in the office of the town clerk of Woodbury on January 15, 1920, but no certified copy thereof was ever so filed.

Later, a certified copy of it was filed in the office of the Secretary of State, but that fact is not important here; nor is the fact that no record of the filing of the original certificate was made in that office.

[1, 2]    While this statute (G. L. 4931) is not penal in the full sense of the term (see *Wellman* v. *Mead,* 93 Vt. 322, 107 Atl. 396; *Huntington* v. *Attrill,* 146 U. S. 657, 36 L. ed. 1123, 13 Sup. Ct. 224), it is penal in character, and should be strictly construed against one who seeks to establish liability thereunder.  It imposes a burdensome liability on the directors for their wrongful omission, and it should not be extended beyond the clear import of its terms, or given effect any farther than required to accomplish the purpose for which it was enacted.  The fact that the officers of this corporation failed of a literal compliance with the terms of the statute is by no means conclusive against the defendant.  Statutes are to be so construed as to give effect to the real purpose of the lawmaker.  (*In re Estate of Wooley,* 96 Vt. 60, 117 Atl. 370), to ascertain which

4

the letter of the act is not always a safe guide. *Ryegate* v. *Wardsboro*, 30 Vt. 746; *Osgood* v. *Central Vt. Ry. Co.*, 77 Vt. 334, 60 Atl. 137, 70 L. R. A. 930.

This purpose is to be determined by its natural and reasonable effect (*State* v. *Peet*, 80 Vt. 449, 68 Atl. 661, 14 L. R. A. (N. S.) 677, 130 A. S. R. 998; *Nemie* v. *Todd*, 89 Vt. 502, 96 Atl. 14), but not to the exclusion of the consideration of extrinsic facts that throw light upon it, including the evils or omissions in the old law, to remedy which the new one is provided. Whatever is found to be within the intention is within the statute, though not within the letter; and whatever is within the letter, but not within the intention, is outside the statute.

[3]   It is quite apparent that the real purpose of the Legislature in enacting this statute was to provide a method by which prospective customers and patrons of the corporation could conveniently get reliable information regarding its financial standing. 2 Thompson, Corporations, § 1328. This purpose was as effectively accomplished by filing in the town clerk's office the original certificate as by filing a certified copy of it.

All the information which the Legislature desired to make available to prospective creditors of the corporation was thus provided, in the place designated, in the same form and under the same sanctions. A substantial compliance with the statute is sufficient, and the non-observance of some technical detail which does not affect the substance of the thing required will not subject corporate officers, who act in good faith, to liability. *President etc. of Manhattan Co.* v. *Kaldenberg*, 165 N. Y. 1, 58 N. E. 790. This statute was substantially, though not literally, complied with. That the Legislature did not intend the filing of such certified copy to be an essential prerequisite to the exemption of the directors from personal liability, derives more or less support from the use of the words "such certificate" instead of the words "such certified copy," in the last clause of the statute.

We hold, therefore, that though the statute directs the filing of the certified copy from the Secretary of State's office, the filing of the original certificate, with the secretary's filing thereon, was a sufficient compliance to prevent liability from attaching to the defendants.

This disposition of the case renders it unnecessary to consider the other questions raised by the exceptions.

*Judgment affirmed.*