This is a suit for specific performance. Complainant acquired title to the premises in question under a deed from Harry B. O'Connell, sheriff of Essex county, as the result of foreclosure proceedings. The defendant attacks the foreclosure proceedings as irregular. He alleges, first, that no subpoena was issued before an order of publication was applied for and made, citing chancery rule 34; therefore, the order is *Page 142 
irregular and void. It appears that on March 11th, 1924, an order was entered by the chancellor himself, which stated that it appeared to his satisfaction that Nathan Knie, during his lifetime a tenant in common of an undivided one-half interest in the premises covered by the mortgage, was dead, and that his heirs or devisees were wholly unknown. The order directed the unknown owners to appear and answer or demur on or before May 12th, 1924; or in default thereof such decree would be made against them as the chancellor should think equitable and just.
In the case of In re Martin, 86 N.J. Eq. 265, Chancellor Walker said: "Process is the means of compelling the defendant to appear in court. It need not necessarily be a subpoena or other writ. It may be an order or notice." It should be noted that rule 34 says no publication shall be made until after the return day of the subpoena without the special order of the court. The order in this case recites that the court is satisfied that Knie is dead and his heirs unknown. Therefore, a subpoena would be useless and in this case the order of publication may properly be considered the special order referred to in rule 34. I think this objection is without merit.
The second objection is that the notice made pursuant to the above-mentioned order reads: "To the unknown heirs, devisees and personal representatives of Nathan Knie, deceased," instead of "Nathan Knie and his unknown heirs, devisees and personal representatives," citing section 10 of the Chancery act (Comp.Stat. 1910 p. 413). As already said, the order specifically states that Knie is dead and his heirs unknown. His name, however, appears in the notice, but as a dead man, not a living one.
"In construing a statute where ambiguity exists or literal interpretation may lead to absurd results, resort may be had to the principle that the spirit of the law controls the letter."
Mendles v. Danish, 74 N.J. Law 333. The court says further (at p. 335), "resort may be had in such case to the reason and spirit of the law." To hold that because Nathan Knie, known to the court to be dead, is not mentioned in the order of publication as a living man, a foreclosure suit *Page 143 
which involved time, trouble and expense is void would, in my opinion, be absurd. The object of section 10 of the Chancery act is to notify all living people known and unknown of the pendency of a bill. It does not require notification to the departed.
I think a careful scrutiny of section 10 reveals that it is meant to be in the alternative. The first situation is where complainant is unable to ascertain whether a party defendant is alive or dead; the second where he is known or believed to be dead. In the first instance his name should be in the notice, followed by the words "heirs, devisees and personal representatives." If it appear to the court that he is dead, then a notice addressed to the heirs, devisees and personal representatives of John Doe — naming him — is sufficient.
I believe the notice made pursuant to the order of publication is a substantial compliance with section 10 of the Chancery act. I can see no good that would result from an order in this case directing that the foreclosure proceeding should be begun afresh at additional trouble and expense. On the contrary, I think it would impose an unnecessary hardship on complainant.
I will advise a decree directing defendant to specifically perform.