ANNIE BRAMMALL v. LOUIS LAROSE.

February Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed May 2, 1933.

*Clayton H. Kinney* for the defendant.

348

*F. C. Hinchey* and *Fenton, Wing, Morse & Jeffords* for the plaintiff.

MOULTON, J. By section 120, No. 70, Acts of 1925, as amended, service of process upon a non-resident, whose motor vehicle has become involved in an accident or collison in this

State, shall be made upon the commissioner of motor vehicles by leaving a copy of the process, with the required fee, with him or in his office, and "such service shall be sufficient service upon said nonresident, provided, that a copy of such process with the officer's return thereon, showing service thereof upon such commissioner as provided by this section, is sent by the plaintiff to the defendant by registered mail, and provided further that the plaintiff's affidavit of compliance herewith is filed with said process in court." In this case the copy was mailed to the nonresident defendant by the plaintiff's attorney, and the affidavit of compliance was executed and filed by him. The defendant, appearing specially, moved to dismiss for insufficient service. The motion was denied and he excepted.

A statute providing for substituted service must be strictly construed (*Erickson* v. *Macy*, 231 N. Y. 86, 131 N. E. 744, 16 A. L. R. 1324, 1325), but no statute, penal or otherwise, is to receive a construction so strict as to defeat its purpose. *Osgood* v. *C. V. Ry. Co.*, 77 Vt. 334, 337, 60 Atl. 137, 70 L. R. A. 930; *In re Demarco*, 77 Vt. 445, 447, 61 Atl. 36. The intention and meaning of the Legislature are to be ascertained and given effect, not from the letter of the law which is not in all cases a safe guide, but from an examination of the whole and every part of the act, the subject-matter, the effects and consequences, and the reason and spirit of the law, although the intention and meaning thus ascertained conflict with the literal sense of the words. *Town of Hartland* v. *Damon's Estate*, 103 Vt. 519, 528, 156 Atl. 518; *Clifford* v. *West Hartford Creamery Co.*, 103 Vt. 229, 252, 153 Atl. 205; *In re James*, 99 Vt. 265, 271, 132 Atl. 40; *Wheelock* v. *Haskell*, 98 Vt. 47, 49, 50, 124 Atl. 713; *In re Fulham's Estate*, 96 Vt. 308, 317, 119 Atl. 433; *In re Estate of Curtis*, 88 Vt. 445, 451, 92 Atl. 965; *Trustees of Caledonia Grammar School* v. *Kent*, 86 Vt. 151, 158, 84 Atl. 26; *Town of Ryegate* v. *Town of Wardsboro*, 30 Vt. 746, 749. If it can fairly be done, a statute must be so construed as to accomplish the purpose for which it was intended. *State* v. *Tacey*, 102 Vt. 439, 442, 443, 150 Atl. 68, 68 A. L. R. 153; *Grout* v. *Gates*, 97 Vt. 434, 449, 124 Atl. 76; *Martin* v. *Fullam*, 90 Vt. 163, 171, 97 Atl. 442; *In re National Guard*, 71 Vt. 493, 499, 45 Atl. 1051. Since the consequences and the natural and reasonable effect of a proposed construction are to be considered in ascertaining the legislative intention [*State* v. *Audette*, 81

Vt. 400, 403, 70 Atl. 883, 18 L. R. A. (N. S.) 527, 130 A. S. R. 1061; *State* v. *Peet,* 80 Vt. 449, 456, 68 Atl. 661, 14 L. R. A. (N. S.) 677, 130 A. S. R. 998; *Town of Ryegate* v. *Town of Wardsboro, supra*] a construction leading to an absurd consequence must always be avoided if possible. *Howley* v. *Kanter,* 105 Vt. 128, 162 Atl. 628, 631; *In re Fulham's Estate, supra; Morse* v. *Tracy,* 91 Vt. 476, 478, 479, 100 Atl. 923; *In re Howard's Estate,* 80 Vt. 489, 495, 68 Atl. 513. And so, also, where an adherence to the strict letter of the statute, or to the literal import of the words would lead to injustice. *Woodring* v. *McCaslin,* 182 Ind. 134, 104 N. E. 759, 761; *Stewart* v. *Small,* 119 Me. 269, 110 Atl. 683, 685; *In re Brocklebank,* 23 Q. B. D. 461, 462, 463. This principle has been applied to the construction of a statute providing for substituted service of process. *Bourne* v. *Levine,* 100 N. J. Eq. 141, 134 Atl. 660, 661.

The provision that a copy of the process shall be sent by the plaintiff to the nonresident defendant is a necessary part of the service upon the latter, because where there is an enforced acceptance of service of process on a state officer, without some written communication making actual notice reasonably probable, there would be no due process of law as required by section 1 of the 14th Amendment of the Federal Constitution. *Wuchter* v. *Pizzutti,* 276 U. S. 13, 19, 72 L. ed. 446, 48 Sup. Ct. 259, 260, 57 A. L. R. 1230. But the required act is a ministerial one, and we cannot suppose that it was the legislative intention that the missive must be deposited in the post office only by the hand of the plaintiff. The manifest purpose of the statute is to make it reasonably probable that the defendant shall receive actual notice of the pendency of the action. Under the construction for which the defendant contends, if the plaintiff were bedridden as the result of the accident, and so unable personally to mail the copy of the process, there could be no valid service. This would be an absurd and unjust result, and we cannot construe the statute to require it. We may have resort to such extrinsic matters as the Legislature may presumably have had in mind at the time of the enactment (*In re Downer's Estate,* 101 Vt. 167, 176, 142 Atl. 78), and it cannot be supposed that the statute was passed without the common knowledge that the necessary steps in the commencement of an action at law are ordinarily taken by the attorney for the party plaintiff. Moreover, the statute, being susceptible

of two meanings, is to be examined in the light of common-law principles [*State* v. *C. V. Ry. Co.*, 81 Vt. 459, 460, 71 Atl. 193, 21 L. R. A. (N. S.) 949], and at common law ''an attorney at law has authority, by virtue of his employment as such, to do for his client all acts, in or out of court, necessary or inciden-tal to the prosecution of the suit, and which affect the remedy only and not the cause of action.'' *Moulton* v. *Bowker*, 115 Mass. 36, 40, 15 A. R. 72. We think that the phrase ''sent by the plaintiff to the defendant'' must be taken to include the sending by the duly authorized attorney for the plaintiff to the defendant. Such procedure is clearly within the spirit and reason of the statute, and effectuates its real purpose.

The filing of the affidavit of compliance is not, strictly speaking, a part of the service, but is a means of inform-ing the court that the requisite notice to the defendant has been given in the manner prescribed. It is analogous to the return of process, made by the authorized officer. Since the notice has been sent by the attorney, the affidavit must be executed by him, because he only has personal knowledge of what has been done. An affidavit made by another person upon information and belief would be insufficient proof of notice. The defendant contends that the phrase ''plaintiff's affidavit of compliance'' must be taken to mean an affidavit executed by the plaintiff herself, and that such an act cannot be delegated. It is true, no doubt, that where a statute specifically, or by neces-sary implication, provides that an affidavit must be executed by a party, this cannot be done by an attorney or agent. *First Nat. Bank* v. *Reeves*, 27 Ariz. 508, 234 Pac. 556, 558, 559; *Davis* v. *Lumber Co.*, 2 Col. App. 381, 31 Pac. 187, 189; *Hinkle* v. *Lovelace*, 204 Mo. 208, 102 S. W. 1015, 11 L. R. A. (N. S.) 730, 120 A. S. R. 698, 705, 706, 11 Ann. Cas. 794; *Western Bank of Scotland* v. *Tailman*, 15 Wis. 92, 93, 94; *In re Heath*, 40 Kan. 333, 19 Pac. 926, 927, 928; *Huthsing* v. *Maus*, 36 Mo. 101, 107, 108; *Ex parte Aldrich*, 1 Denio (N. Y.), 662, 663, 664. But we do not construe the phrase to require, either specifically or by necessary implication, the plaintiff's personal affidavit. We consider it to mean an affidavit filed on behalf of plaintiff; and such an instrument, executed by a duly authorized attorney reciting the acts done by him in the furtherance of his client's business, is, we think, the ''plaintiff's affidavit'' within the spirit and reason of the statute. In *Schilling* v. *Odlebak*, 177

Minn. 90, 224 N. W. 694, 696, a substantially similar statute was construed as meaning that the plaintiff might cause the affidavit to be made by the person mailing the copy of the process, it being the plaintiff's act when done by another in his behalf.

Support for this conclusion may also be found in *Pennoyer* v. *Neff*, 95 U. S. 714, 721, 24 L. ed. 565, and *Bunce* v. *Reed*, 16 Barb. 347, 350, wherein statutory provisions requiring proof of publication of summons against a nonresident to be made by "affidavit of the printer or his foreman, or his principal clerk" were held to be satisfied where the affidavit was executed by the publisher of the newspaper in which the notice appeared, this being within the spirit of the statute.

We hold that the service was sufficient, and that the motion to dismiss was properly denied.

*Judgment affirmed, and cause remanded.*