PAULINE KENNEDY, personally and as Administratrix of the Estate of Charles L. Kennedy, Deceased, v. JAMES P. TRUSS, State Tax Commissioner.

(*March* 25, 1940).

LAYTON, C. J., RODNEY and TERRY, J. J., sitting.

*Stewart Lynch* for appellant (Walter J. Willis filed a brief as *amicus curiae*).

*Albert W. James,* Deputy Attorney-General, for appellee.

Superior Court for New Castle County, November Term, 1939.

LAYTON, C. J., delivering the opinion of the Court:

A preliminary question is to be decided. The appellant does not question the constitutionality of *Chapter 10, Volume 40, Delaware Laws,* by which it is made the duty of executors and administrators within three months after the grant of letters to file in the office of the Register of Wills and with the State Tax Commissioner, an inventory, list of debts and statement of real estate ownership. The question is introduced in the brief of the *amicus curiae.* No question of jurisdiction being involved, it will not be considered. 11 *Am. Jur.* 756; *New York Life Insurance Co. v. Hardison,* 199 *Mass.* 190, 85 *N. E.* 410, 127 *Am. St. Rep.* 478; *State v. Albuquerque,* 31 *N. M.* 576, 249 *P.* 242.

 The theory of the first two grounds of appeal is that the State Tax Commissioner had no authority to assess the penalty against the appellant. The argument is that the statute is silent with respect to this authority; that an administrative agency has no general power to act except as directed and authorized by legislative enactment; and that no authority, therefore, has been granted. It is true that under the Income Tax provisions of the revenue laws (*Section* 155, *Par. O*) one of the specific duties of the Tax Commissioner is to take all necessary steps to enforce penalties, and there is no comparable specific provision with respect to penalties under the Inheritance Tax provisions. It is also true that by *Chapter* 58, *Volume* 42, *Delaware Laws, Section* 137 *of the Code* was amended, and the collection of taxes, interest and penalties is vested in the State Tax Department and the State Tax Commissioner. It is supposed, therefore, that the Legislature intended, by the amendment, to grant an authority with respect to penalties not theretofore conferred, under the familiar presumptive rule of statutory construction that the Legislature, in adopting the amendment, intended to make some change in the existing law. But the paramount purpose of all rules of construction is to ascertain the intent of the Legislature; and the rule is not operative and the presumption falls when it clearly appears that the change in the statute was made to express more clearly the original legislative intent. The Legislature does not necessarily admit that it did not by its prior enactment embrace a particular case by an amendment directly applicable to such case. *Dailey v. Pugh,* 83 *Ind. App.* 431, 131 *N. E.* 836; *School District v. Pondera County,* 89 *Mont.* 342, 297 *P.* 498; 59 *C. J.* 1098. This principle is recognized by the Court in Banc in *Wilkerson v. Cropper,* 6 *W. W. Harr.* (36 *Del.*) 1, 171 *A.* 191.

 The administration and enforcement of the Inheritance Tax provisions of the revenue laws are vested in the State Tax Department and the State Tax Commissioner.

The Commissioner is made the executive head of the Department, and upon him devolves all executive powers and duties not specifically vested in the Tax Board. No specific duty with respect to the assessment of penalties is required of the Tax Board; its principal function is to act as the first court of appeal from orders and decisions of the Commissioner. A pecuniary penalty is imposed on executors and administrators for the failure to file within a certain time certain information concerning the estate of the decedent as a basis for the imposition and collection of inheritance taxes thereon. Without this information the collection of taxes cannot proceed, and a certain promptness is manifestly necessary. Administration of law comprehends compulsion of performance of duties imposed upon all persons within the reach of the laws. As the executive head of the Department it was the duty of the Commissioner to impose the penalty imposed by the statute on the appellant for noncompliance with its terms. It may not reasonably be supposed that the Legislature by its broad and general language intended otherwise, and the amendment was enacted, not as a grant of new power, but to express more clearly its original purpose and intent.

The basis of the third ground of appeal is that by the constitution of this State, executors and administrators are under the jurisdiction of Registers of Wills; and, therefore, an authority granted by the Legislature to another officer, bureau or department to assess a penalty against an executor or administrator for failure to file an inventory and list of debts is an unconstitutional invasion of the jurisdiction of Registers of Wills. This contention is without merit. Inheritance taxation and the settlement of estates are wholly different matters. Registers of Wills have no constitutional concern with matters of taxation, except as tax payments may enter into administration accounts. In any inheritance tax system some provision for

ascertaining the value of a decedent's estate is both necessary and proper. The requirement that an inventory, list of debts and statement of real estate ownership shall be filed with the State Tax Department within a certain time, is essential to the proper administration of the law. The necessity of the requirement that the inventory, list and statement shall be filed also with the proper Register of Wills is less manifest; but it cannot be said that having the information with respect to the values of estates readily accessible in the proper county is not of practical convenience in the administration of the law. As we view the statute, the provisions of *Section* 3831 *of the Code* requiring the filing of inventories and list of debts in six months after the grant of letters have not been changed. While the inventory and list of debts required to be filed by *Section* 139, will contain the same matter as contained in the inventory and list required by *Section* 3831, to the first mentioned inventory and list is added a statement of real estate ownership, and these documents are required to be recorded in a separate docket. As a matter of administrative detail Registers of Wills may, of course, accept the inventory and list filed in accordance with *Section* 139 as a compliance with the requirements of *Section* 3831, but they are not compelled to do so. The penalties imposed by *Section* 9, *Chapter* 8, *Volume* 41, *Delaware Laws,* are not with respect to a non-observance of a duty owed to the Register of Wills as a constitutional officer. The provisions of this Act do not, therefore, encroach upon any constitutional or statutory right, power or authority of Registers of Wills. The conclusion is not justified that, because Registers of Wills, by the Constitution, have a certain jurisdiction over decedents' estates and the executors or administrators for the purpose of settlement and distribution, the Legislature may not constitutionally vest another officer or department with authority over the personal representatives for the accomplishment of some other object and purpose.

It is contended that the ninth section of *Chapter* 8, *Volume* 41, *Delaware Laws,* imposing the penalty, is unconstitutional within the purview of *Section* 16, *Article* 2 *of the Constitution,* which reads: "No bill or joint resolution, except bills for appropriating money for public purposes, shall embrace more than one subject, which shall be expressed in its title." This contention is the basis of the fourth and fifth grounds of appeal.

The title of the Act is, "An Act To Amend Chapter 6 Of The Revised Code Of The State Of Delaware Of 1935 Relating To Inheritance Tax." The argument is that the penalty provisions contained in the ninth section are new matter, and foreign to the collection of inheritance taxes; that no provision for a penalty of the type under attack ever existed; and that the title of the Act, not being informative of its subject matter to one conversant with the then existing state of the law, the provision is unconstitutional and void. *In re Cypress Farms Ditch,* 7 *W. W. Harr.* (37 *Del.*) 71, 180 *A.* 536. In the development of the argument it is said that the title should have given some indication of the shortening of the time within which an inventory and list of debts is to be filed with the Register of Wills. In the brief of *amicus curiae* it is said that the statute became a trap which many executors and administrators fell into. This contention had been sufficiently answered.

The Supreme Court, in *Wilmington Trust Co. v. Highfield,* 4 *W. W. Harr.* (34 *Del.*) 394, 153 *A.* 864, holds plainly enough that, under the constitutional provision invoked, it is permissible for the title of an amendatory act to express its subject by reference only to the subject matter and section or chapter number of the act it proposes to amend, subject, however, to the essential requirement that the body of the act must be germane to the subject of legislation contained in the act to be amended. Literally, the word "germane" means "near akin," and is applicable to

relationships of persons. But the word is used extensively also with inanimate things in a metaphorical sense, embodying the idea of a common tie, close alliance or general relevancy. When applied to constitutional questions involving titles of amendatory acts, the necessity arises to scrutinize the amending act to see whether the common tie is to be found in provisions tending to promote the object and purpose of the law which it seeks to amend, or whether it introduces new subject matter not within the purview of the existing legislation. The title of the act in question refers to the general subject matter of Inheritance Taxation, and to the Code by its chapter number. By *Section* 139 of the Code, an executor or administrator is required to file with the State Tax Department an inventory, list of debts and statement of real estate ownership within three months. By *Section* 140, the failure to perform any of the duties imposed on executors or administrators was penalized by revocation of letters by the Register of Wills at the request of the Department. Any one conversant with the law prior to the enactment of the amendatory act was advised of the penalty. No doubt the remedy was thought to be ill advised from the view-point of prompt tax collections; for, while a sufficient punishment, the appointment of a new representative unacquainted with the affairs of the estate necessarily would cause delay. Deprivation of commissions is just as much a penalty as is a direct pecuniary mulct. No new concept was introduced. It follows that the subject matter of the ninth section of the amendatory act is not foreign to the legislation found in *Section* 140 of the Code. The title of the amendatory act meets the requirements of the rule as laid down in *Wilmington Trust Co. v. Highfield, supra.* The act is constitutional within the purview of *Section* 16 *of Article* 2 *of the Constitution.*

■■ The last ground of appeal is that the amendatory act violates the due process clause of the *Federal Constitution, Amendment* 14. Due process of law is in-

capable of precise definition. It implies a conformitory with natural and inherent principles of justice, which require notice and an opportunity to defend before judgment. It is said in the briefs that the estate of a decedent is punished for the defaults of its representative. This is clear error, for the penalty is individual. There is nothing in the amendatory act, or in prior acts, that suggests anything other than that the individual is to be penalized for neglect; and while it is true that by *Chapter* 59, *Volume* 42, *Delaware Laws,* any possible doubt is removed by the insertion of the words, "personally and individually," it is not indicated that the Legislature was doing more than removing a possible doubt.

The argument, as it is understood, is that the provision of the ninth section of the amendatory act with respect to the notice to be given to executors and administrators before the penalty may be imposed, applies only to estates delinquent as of the effective date of the act; that the particular estate of which the appellant is executrix was not delinquent as of the effective date of the act; that the notice received by her, not being provided for by the law, was gratuitous; wherefore, due process of law is not afforded by the statute. *Spoturno et al. v. Woods,* 8 *W. W. Harr.* (38 *Del.*) 378, 192 *A.* 689.

The language of the section is not as clear as it might be; but, reasonably considered, its meaning and purpose is discoverable. Before a penalty for non-compliance may accrue or be imposed in any case, notice of one month to the neglectful personal representative must be given by the Department. This appears to be the established practice of the Department; and it is in accord with a reasonable and fair construction of the language of the section. Notice and an opportunity to be heard before accrual of pen-

alty or imposition of penalty are provided by the act. The essentials of due process of law are not wanting.

The order of the State Tax Board is affirmed.