BERNICE CASTELLINE and THERESA CASTELLINE v. GOLDFINE TRUCK RENTAL SERVICE, *et al.*

(*August* 27, 1954.)

TERRY, J., sitting.

*Vincent A. Theisen* and *Aubrey Lank* (of the firm of Logan, Marvel, Boggs and Theisen) and *Paul Rinard* for the Plaintiffs.

*Stewart Lynch* and *Alfred R. Fraczkowski* (of the firm of Hastings, Lynch and Taylor) for the Defendants.

Superior Court for New Castle County, No. 1143, Civil Action, 1953.

TERRY, J.:

This is an action brought by the plaintiffs to recover damages for personal injuries sustained by them resulting from an automobile collision upon a highway in this State on the 8th day of April, 1953. The plaintiffs are residents of this State. The defendants are nonresidents in that they were at the time of the collision, and still are, residents of the State of Pennsylvania.

The plaintiffs commenced this action on November 20, 1953, by filing their complaint. On November 20, 1953, a writ of summons was duly issued and placed in the hands of the Sheriff for New Castle County with directions that service thereof should be made upon the Secretary of State of this State. On November 20, 1953, the writ of summons was served, together with the complaint, upon the Secretary of State. Plaintiffs' attorney, by letters dated November 18, 1953, forwarded by registered mail to each of the defendants a copy of the complaint, together with a copy of the writ of summons, and indicated in said letter that service of the original of such process had been or would soon be made upon the Secretary of State of the State of Delaware. The letter further contained a statement that the suit had been instituted on October 22, 1953.

On December 14, 1953, the plaintiffs filed an amendment to their complaint in compliance with Rule 4(h)[1] of this Court, *Del. C. Ann.*

The defendants have moved to dismiss this action, or in lieu thereof to quash the writ of summons, the service and the return thereof, upon the ground that the statute under which this Court purportedly acquired jurisdiction over the nonresident defendants is invalid and unconstitutional in that it contravenes the due process of law clauses in our State (art. 1 Sec. 7 & 9) and Federal (Amend. 14) Constitutions.

The pertinent statute involved is Section 3112, Chapter 31, Title 10, *Delaware Code of* 1953.

"§ 3112. (a) Any non-resident owner, operator or driver of any motor vehicle, not registered under the laws of this State providing for the registration of motor vehicles, who accepts the privilege extended by law to non-residents of this State to operate or drive such motor vehicles on the public streets, roads, turnpikes or highways of this State by operating or driving such motor vehicle or by having the same operated or driven on any public street, road, turnpike or highway of this State shall by such acceptance of the privilege be deemed thereby to have appointed and constituted the Secretary of State of this State, his agent for the acceptance of legal process in any civil action against such non-resident owner, operator or driver arising or growing out of any accident or collision occurring within this State in which such motor vehicle is involved. The acceptance shall be a signification of the agreement of such non-resident that any such process when so served shall be of the same legal force and validity as if served upon such non-resident personally within this State.

---

[1]"In an action against a non-resident motor vehicle owner, operator or driver, the defendant's return receipt and the plaintiff's affidavit of the defendant's non-residence and of the sending of the copy of the complaint with the notice required by the statute shall be filed as an amendment to the complaint within 10 days of the receiving by the plaintiff of the defendant's return receipt".

"(b) Service of the legal process provided for in this section, with a fee of $2, shall be made upon the Secretary of State of this State in the same manner as is provided by law for service of writs of summons, and when so made shall be as effectual to all intents and purposes as if made personally upon such non-resident within this State; provided, that not later than the day following the commencement of the action a copy of the process and notice that service of the original of such process has or will soon be made upon the Secretary of State of this State are sent by registered mail by the plaintiff in the civil action to the non-resident defendant therein, and the defendant's return receipt and the plaintiff's affidavit of the defendant's non-residence and of the sending of the copy of the process with the notice are filed in the action within 10 days of the receiving by the plaintiff of the defendant's return receipt. The court in which the action is pending may order such continuances as may be necessary to afford the defendant therein reasonable opportunity to defend the action.

"(c) This section is an extension of and not a limitation upon the right otherwise existing of service of legal process, by foreign attachment and otherwise, upon non-residents or their property in this State."

The first portion of the defendant's motion relates to the question of compliance with respect to the notice provisions under Paragraph (b) of Section 3112, aforesaid. This objection, in my opinion, is without merit. The substantive provisions of the statute in respect to the sending of notice to the non-resident defendants have been met.

The second question presents a problem of considerable importance and one of first impression in this jurisdiction. The question is: Do the notice requirements in Paragraph (b) of Section 3112 meet the essential requirements of due process of law under our State and Federal Constitutions?

The essence of judicial power stems from the constitutional and legislative authority granted to the several Courts

within any jurisdiction. It is a recognized principle that every State possesses jurisdiction and sovereignty over persons and their property within its boundaries. The corollary of this principle is likewise true; that is, that no State can exercise jurisdiction and authority over persons and property of others not found within its territorial boundaries. *Pennoyer v. Neff*, 95 *U. S.* 714, 24 *L. Ed.* 565.

The flow of accidents upon open highways by reason of the advent of the automobile and its negligent use in interstate commerce has been the primary factor in motivating the States in developing a means by which jurisdiction may be obtained upon non-resident motorists involved in accidents within the territorial boundaries of each State.

The Supreme Court in the case of *Hendrick v. State of Maryland*, 235 *U. S.* 610, 35 *S. Ct.* 140, 59 *L. Ed.* 385, laid down the well recognized principle that a State, under its police power, may regulate the use of its highways by nonresidents as well as residents, and that such regulations may include mandatory provisions such as proper registration of vehicles and the licensing of drivers operating the same.

The next development to circumvent the void in jurisdiction over nonresidents occurred in New Jersey in 1908 where the Legislature of that State enacted a statute (*Laws, N. J.* 1908, p. 615) declaring that no person whether a resident or nonresident could operate a motor vehicle upon the highways of New Jersey unless he had been licensed to do so and the automobile had been registered under the laws of New Jersey, and further that a nonresident owner of an automobile should appoint the Secretary of State of New Jersey his attorney upon whom service of process might be had in an action arising out of his operation of his automobile upon the highways of New Jersey. The statute provided for a penalty for failure to comply with the provisions thereof. One Kane, a resident of New York, operated his motor vehicle in New Jersey without complying with the provisions of the statute. He was arrested, convicted and fined. His defense

raised the question of due process of law under the statute. The question was finally determined by the Supreme Court in the case of *Kane v. State of New Jersey*, 242 *U. S.* 160, 37 *S. Ct.* 30, 61 *L. Ed.* 222, wherein the Court held that in advance of the operation of a motor vehicle on its highways by a nonresident a State may require the nonresident to appoint one of its officials as his agent on whom process may be served in proceedings growing out of such use. This case recognized the power of the State to exclude a nonresident until the formal appointment is made under the provisions of such a statute.

The next development in this phase of the law was announced by the Supreme Court in the case of *Hess v. Pawloski*, 274 *U. S.* 352, 47 *S. Ct.* 632, 71 *L. Ed.* 1091. In that case the Court had before it a Massachusetts statute, *G. L. c.* 90, as amended by *St.* 1923, c. 431, § 2, which provided in pertinent part that the use of the Massachusetts highways by a nonresident motorist amounted to an implied appointment of the Registrar of Massachusetts as the nonresident's agent for the purpose of service of process in any action growing out of the use of the highways by the nonresident. The statute further provided that notice of such service upon the Registrar of Massachusetts and a copy of the process would be forthwith sent to the nonresident defendant. Service of process was obtained by serving the Registrar of Massachusetts under the provisions of the statute and the notice features thereof were satisfied. Hess objected upon the ground that the service of process if sustained would deprive him of his property without due process of law in violation of the Fourteenth Amendment. The Court held that, since the State has the power to exclude a nonresident until formal appointment of an official of the State as his agent is made, the State may declare that the use of the highways by nonresidents is the equivalent of the appointment of the Registrar of Massachusetts as his agent on whom process may be served.

Up to this point three significant conclusions have been reached in relation to the operation of a motor vehicle in any given State by a nonresident of that State.

1. The authority of the State to regulate the operation under the police power of the State including mandatory registration of vehicles and the obtaining of operator's licenses to operate the same. *Hendrick v. State of Maryland*, 235 *U. S.* 610, 35 *S. Ct.* 140, 59 *L. Ed.* 385.

2. The authority of the State to compel a nonresident to appoint a State Officer as an agent on whom process may be served in respect to proceedings growing out of such use or operation. *Kane v. State of New Jersey*, 242 *U. S.* 160, 37 *S. Ct.* 30, 61 *L. Ed.* 222.

3. The authority of the State to designate that the use of its highways by a nonresident motorist is equivalent to the appointment of a State Official designated in the Act as his agent on whom process may be served. *Hess v. Pawloski*, 274 *U. S.* 352, 47 *S. Ct.* 632, 71 *L. Ed.* 1091.

In the light of the foregoing decisions I shall now analyze the provisions of our Nonresident Motor Vehicle Act, Section 3112 aforesaid. The section in dealing with the service of process on nonresident operators of motor vehicles provides * * *

(1) That any nonresident owner, operator or driver of any motor vehicle not registered under the laws of this State who accepts the privilege extended by law to nonresidents to operate or drive their motor vehicles upon the highways of this State, and do so operate, shall by such acceptance of the privilege be deemed thereby to have appointed and constituted the Secretary of State of this State his agent for the acceptance of legal process in any civil action against such nonresident arising or growing out of any accident or collision occurring within this State in which such motor vehicle is involved.

(2) That the acceptance shall be a signification of the agreement of such nonresident that any such process when so served shall be of the same legal force and validity as if served upon such nonresident personally within this State.

(3) That service of legal process provided for with a fee of two dollars shall be made upon the Secretary of State of this

State in the same manner as is provided by law for service of writs of summons and when so made shall be as effectual to all intents and purposes as if made personally upon such nonresident within this State.

    To this extent it must be said that the statute constitutes a valid exercise of legislative power, but if what I have just stated under (1), (2) and (3) constituted the complete legislative declaration in respect to service of process upon nonresident owners or operators of motor vehicles, due process of law would be denied because a reasonable probability of communication of the notice of service would not flow from such service in order that the nonresident may appear and defend the action against him. *Wuchter v. Pizzutti,* 276 *U. S.* 13, 48 *S. Ct.* 259, 72 *L. Ed.* 446; *Hess v. Pawloski,* 274 *U. S.* 352, 47 *S. Ct.* 632, 71 *L. Ed.* 1091; *Webb Packing Co. v. Harmon,* 9 *W. W. Harr.* 22, 196 *A.* 158. The statute, however, continues;

"(4) Provided that not later than the day following the commencement of the action a copy of the process and notice that service of the original of such process has or will soon be made upon the Secretary of State of this State are sent by registered mail by the plaintiff in the civil action to the non-resident defendant therein * * *."

Now the question: Do the notice provisions set out under (4) meet the essential requirements of due process of law?

The plaintiffs contend that all that is required to meet the essentials of due process of law under our statute is mere notice to the nonresident defendant that an action has been commenced against him. Citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 *U. S.* 306, 70 *S. Ct.* 652, 94 *L. Ed.* 865; *Grote v. Rogers,* 158 *Md.* 685, 149 *A.* 547; *Brammall v. LaRose,* 105 *Vt.* 345, 165 *A.* 916; *Kennedy v. Truss,* 1 *Terry* 424, 13 *A.* 2d 431. I find no analogy whatsoever between the cases cited and the problem to be determined in this case.

If the requirement of the giving of notice to the nonresident defendant has any significance whatsoever, the notice should

indicate to the nonresident that an action has been commenced against him, and that legal process has been served upon his agent, the Secretary of State; otherwise, he has no notice that the Court has acquired any jurisdiction over him whatsoever. While the service of the writ of summons upon the Secretary of State may be regarded as a formal portion of the service of process under the statute, it is, nevertheless, indispensable to the Court's jurisdiction. The defendant's duty to appear in a legal proceeding does not arise until service of process has been made upon him or his appointed or designated agent. No responsibility attaches merely by the filing of an action. Thus, it is apparent to me that any form of notice sent to the nonresident under such a statute as ours would have to include information giving to him knowledge that he through his agent, the Secretary of State, had been properly served with the writ of summons and that the Court had acquired jurisdiction over him in said action by reason thereof. This feature of the service of process is the substantive portion thereof and without which the defendant has been denied due process of law. It is but an idle gesture to pretend that the notice provision of our statute as prescribed therein, that service of the original of such process has or will soon be made upon the Secretary of State, is a reliable means of acquainting the nonresident defendants of the fact that their rights are before this Court for adjudication.

The notice provisions indicated under (4) not only violate the due process clause of the Fourteenth Amendment, but they are also repugnant to the equal protection clause thereof in that they clearly evidenced a hostile discrimination against nonresident defendants.

The mere fact that service of process was accomplished in this case does not alter or change the question before me. If due process of law is not afforded under the notice portion of the statute no act on the part of the plaintiff can cure the defect.

It might be said in passing that prior to the adoption of our present *Code* in 1953 our Nonresident Motor Vehicle Act was found under Section 4590 of the *Revised Code of* 1935. This

statute was originally enacted under the provisions of Chapter 225, Volume 35, *Laws of Delaware* 1927. The notice provision under that statute required notice of service of the writ of summons upon the statutory agent, the Secretary of State. This type of notice has been held to meet the requirements of due process of law. *Hess v. Pawloski,* 274 *U. S.* 352, 47 *S. Ct.* 632, 71 *L. Ed.* 1091; *Webb Packing Co. v. Harmon,* 9 *W. W. Harr.* 22, 196 *A.* 158.

Since under the notice provisions of Section 3112 of the *Code of* 1953 due process of law is denied, the statute in its entirety is unconstitutional. This is so for the reason that the remainder of the provisions thereof cannot stand alone. *Wuchter v. Pizzutti,* 276 *U. S.* 13, 48 *S. Ct.* 259, 72 *L. Ed.* 446; *Webb Packing Co. v. Harmon,* 9 *W. W. Harr.* 22, 196 *A.* 158.

The defendants' motion to quash the writ of summons, the service and return thereof, is granted.

An order will be entered accordingly.